**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul JARA, Defendant–Appellant.**

No. 03–5705.

United States Court of Appeals,
Sixth Circuit.

April 23, 2004.

Thomas A. Colthurst, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

April R. Goode, Asst. F.P. Defender, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

Before: BATCHELDER and MOORE, Circuit Judges; and CALDWELL, District Judge.*

*ORDER*

Raul Jara appeals from his judgment of conviction and sentence. The government has waived oral argument, and this court construes Jara's failure to respond to its show cause letter concerning oral argument as a waiver of such argument. Further, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Jara pleaded guilty to aiding and abetting the attempted manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2, and to being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Jara to 135 months of imprisonment and three years of supervised release, and the court imposed a $200 special assessment. In this timely appeal, Jara argues that the district court improperly denied him a reduction in his Sentencing Guidelines range for being a minor participant in the offense.

Upon review, we conclude that Jara's argument is without merit. USSG § 3B1.2(b) provides for a two-level reduction in a defendant's Guidelines range if he was a minor participant in the criminal activity. A minor role means any participant who is less culpable than most other participants, but whose role cannot be described as minimal. Section 3B1.2, comment. (n.5). In determining whether to award the defendant a reduction for a mitigating role in the offense, the court must consider the portion of a conspiracy that was attributable to the defendant for purposes of determining his base offense level. *United States v. Salgado,* 250 F.3d 438, 458 (6th Cir.2001); *United States v. Roberts,* 223 F.3d 377, 380–81 (6th Cir. 2000). The defendant has the burden of demonstrating his mitigating role in the offense by a preponderance of the evidence. *Salgado,* 250 F.3d at 458. Jara has not met his burden of showing that he was a minor participant in the criminal activity.

Accordingly, we affirm the district court's judgment.

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.