**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0158n.06
Filed: February 27, 2007

**No. 05-6503**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| RAUL JARA, | ) | |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    **MARTIN and GUY, Circuit Judges, and Rose, District Judge.**[*]

**ROSE, District Judge.** Defendant-Appellant**,** Raul Jara, appeals the sentence imposed upon him after his original sentence was vacated by the United States Supreme Court for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). Jara claims that the district court has now erred by sentencing him under the mistaken understanding that it was bound to impose a "reasonable" sentence. Because the record reflects that the district court was guided by the factors listed in 18 U.S.C. § 3553(a) in imposing a reasonable sentence, the district court should be affirmed.

**I.    Factual Background**

In 2003, Defendant-Appellant Raul Jara pleaded guilty to aiding and abetting the attempted

---

[*]The Honorable Thomas M. Rose, United States District Court for the Southern District of Ohio sitting by designation.

manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2,

and to being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g). The

Presentence Report recommended a range of 135-168 months. J.A. 84-89. The district court

sentenced Jara to 135 months of imprisonment and three years of supervised release, and the court

imposed a $200 special assessment. Jara appealed this sentence, asserting that the district court

improperly denied him a reduction in his Sentencing Guidelines range for being a minor participant

in the offense. *United States v. Jara*, 96 Fed. Appx. 329 (6th Cir. 2004). When Jara filed a petition

for *certiorari* to the United States Supreme Court, that court vacated his sentence for reconsideration

in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). The Sixth Circuit further

remanded the case to the district court for resentencing.

The district court held a resentencing hearing, allowing Jara to present additional evidence.

Jara's wife testified that her husband did not use drugs when she met him, but that she had persuaded

him to procure methamphetamine for her, which she considered helpful to a mental illness from

which she suffered. J.A. 58. She further testified that she has since ceased taking drugs and that she

believed her husband would not become involved in drugs again. J.A. 59.

After this testimony, the Court sentenced Jara:

> The Guideline calculations in this matter were a total offense level 32, Criminal History Category I. The Court sentenced Mr. Jara originally to the low end of the Guideline range on Count 1 for 135 months. And to 120 months on Count 2, which was the statutory maximum. I should say Count 6, it was. Count 2 135 months, and Count 6, 120 months. They ran concurrently for a total sentence of 135 months. The Guidelines haven't changed. The question is is a Guideline sentence reasonable in this case. Not only was Mr. Jara in possession of a substantial quantity of drugs, but he had a firearm

specifica[tion] under Count 6 in conjunction with those drugs, and therefore it drives this case. The case is not being driven by Mr. Jara's personal criminal history. He is in Criminal History I and the only criminal history points are driving while license suspended, Third Degree.

So in looking at the significance of the crime, it is somewhat offset by his personal characteristics but specifically by his lack of criminal history, which is important to the Court, because I agree with Ms. Jara, from her testimony, this defendant is unlikely to commit further crimes, certainly further crimes of this sort. But it is extremely important to deter other conduct of this kind, and a significant sentence is necessary to do that.

The Court, in considering the criteria of 3553 also considered the Guideline sentence as an indication of reasonableness under 3553[(a)(4)]. The Court has to consider unwarranted sentencing disparities in this matter.

Is a Guideline sentence reasonable or not? It's the Court's view that the Guidelines are the best guarantee in this case that the sentence imposed on the defendant as a Guideline sentence was not unreasonably disparate. And there is no restitution issue in this case.

I believe the Guideline sentence that the Court originally imposed is a reasonable sentence for the reasons I've stated. This is an extremely serious crime. Ms. Jara received the benefit of her cooperation or she would likewise have received a far more severe sentence.

The Guidelines have taken [into] account of the lack of criminal history that Mr. Jara had. And clearly because of the quantity of methamphetamine,[1] his base offense level is high and his range is higher than it would have been. Also because of the possession of a dangerous weapon in this case. Mr. Jara has accepted responsibility, and the Court knows that.

For all those reasons, it is the Court's view that a sentence of

---

[1] The Presentence Report estimated the amount of methamphetamine related to the offense to be between 1.5 kilograms to 5 kilograms. J.A. 71.

> 135 months as originally imposed is a reasonable sentence in this case. And when I say that, I am essentially saying that 135 months on…Count 2–and 120 on Count 6 concurrently for a total of 135 months is appropriate and reasonable. Three years of supervised release on Count 2, two years on Count 6, both to run concurrently for three years. I will reimpose the conditions of supervised release with the additional condition that the defendant submit to DNA testing, as deemed appropriate. I assume the total assessment of two hundred dollars was paid. If not, it is reimposed.

J.A. 60-62.

## II.      Standard of Review

We review the sentencing decision of a district court for procedural and substantive reasonableness and accord a sentence within the advisory guidelines range that satisfies the procedural requirements of post-*Booker* sentencing a presumption of substantive reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *United States v. Richardson*, 437 F.3d 550, 553-54 (6th Cir. 2006); *United States v. Underwood*, 188 Fed. Appx. 459, 460, 2006 WL 2381611, *1 (6th Cir. 2006). In contrast, in its role at sentencing, the district court must appreciate the advisory nature of the Guidelines, must calculate the Guidelines' recommendation correctly and must consider the § 3553(a) factors in exercising its independent judgment about what sentence to impose, *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006), though "[s]uch consideration, …need not be evidenced explicitly" in some mechanical form. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). "Moreover, even when a district court does misstate its task as that of imposing a reasonable sentence, we review the sentence imposed under the standards explained above." *United States v. Clark*, 469 F.3d 568, 571 (6th Cir. 2006).

**III.    Analysis**

Defendant-Appellant asserts that the district court erred because "the court erroneously perceived its duty under *Booker* to be that of imposing a 'reasonable' sentence." App. Br. at 11. The Sixth Circuit has rejected, however, claims that a district court committed reversible error by stating that it was imposing a "reasonable" sentence when the record reflects that the district court arrived at its sentence by utilizing the factors listed in 18 U.S.C. § 3553(a). See *United States v. Jackson*, 466 F.3d 537, 539 (6th Cir. 2006); *United States v. Cruz*, 461 F.3d 752, 754 (6th Cir. 2006) ("Merely by saying that the sentence he wishes to impose is 'reasonable,' a district judge does not necessarily commit reversible error."); *United States v. Boyd*, 2006 WL 3307476, *2 (6th Cir. 2006); cf. *United States v. Cage*, 458 F.3d 537, 541 (6th Cir. 2006) ("We decline to conclude that by using the term 'reasonable' or by acknowledging that the appellate court will apply a rebuttable presumption of reasonableness to a sentence, the district court is itself applying that presumption.").

In the instant case, the district court closely followed the factors listed in 18 U.S.C. § 3553(a). To wit, the district court considered 18 U.S.C. § 3553(a)(1), the nature and circumstances of the offense:

> Not only was Mr. Jara in possession of a substantial quantity of drugs, but he had a firearm specifica[tion] under Count 6 in conjunction with those drugs, and therefore it drives this case. The case is not being driven by Mr. Jara's personal criminal history. He is in Criminal History I and the only criminal history points are driving while license suspended, Third Degree.

J.A. 60. The district court considered 18 U.S.C. § 3553(a)(2):

> So in looking at the significance of the crime, it is somewhat offset by his personal characteristics but specifically by his lack of criminal history, which is important to the Court, because I agree with Ms. Jara, from her testimony, this defendant is unlikely to commit further crimes, certainly further crimes of this sort. But it is extremely important to deter other conduct of this kind, and a significant sentence is necessary to do that.

*Id.*

The district court considered 18 U.S.C. § 3553(a)(4):

> The Guideline calculations in this matter were a total offense level 32, Criminal History Category I. The Court sentenced Mr. Jara originally to the low end of the Guideline range on Count 1 for 135 months. And to 120 months on Count 2, which was the statutory maximum. I should say Count 6, it was. Count 2 135 months, and Count 6, 120 months. They ran concurrently for a total sentence of 135 months. The Guidelines haven't changed.

*Id.* The district court was cognizant of 18 U.S.C. § 3553(a)(6): "The Court has to consider unwarranted sentencing disparities in this matter." J.A. 61. "Ms. Jara received the benefit of her cooperation or she would likewise have received a far more severe sentence." *Id.* Finally, the court also considered restitution, as required by 18 U.S.C. § 3553(a)(7). *Id.* In short, there is no relevant sentencing factor which the district court failed to consider. The court imposed a sentence reasonably calculated to "sufficiently, but not greater than necessary,...comply with the purposes set forth in paragraph (2) of [18 U.S.C. § 3553(a)]." 18 U.S.C. § 3553(a).

## IV.    Conclusion

While the district court utilized the term "reasonableness" in sentencing Defendant-Appellant, the record reflects that the district court sentenced Defendant-Appellant according to the

statutorily mandated factors.  Therefore, the Court **AFFIRMS** the sentence of the district court.