**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0430n.06**
**Filed: June 22, 2006**

**No. 05-5685**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED STATES |
| v. | ) | DISTRICT COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| GREGORY LUMLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS, Chief Judge, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM.

Defendant Gregory Lumley appeals his ninety-month sentence imposed by the district court following his plea of guilty to (1) conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846; (2) possession of chemicals, equipment, products, and materials with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2; (3) creating a substantial risk to human life during the manufacture of methamphetamine in violation of 21 U.S.C. § 858 and 18 U.S.C. § 2; and (4) unlawful use and maintenance of a building for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856. Lumley contends that his sentence is unreasonable and the district court erred by failing to fully take into account the sentencing factors enumerated in 18 U.S.C. § 3553(a). We disagree and affirm.

I.

On July 14, 2004, Lumley entered the Emergency Room of the Dyersburg Regional Medical Center at 10 p.m. with co-defendants Debra and John Smith, their minor children, Alexis (age three) and Breanna (age seven), and his fiancée, co-defendant Jessica Singletary.[1] In doing so, the group sought treatment for burn injuries sustained by Lumley, Debra Smith, John Smith, and Alexis Smith, at Lumley and Singletary's residence. Due to the nature and extent of their injuries, Lumley, Debra, and Alexis were transferred to a separate medical facility for further treatment.

As the group received treatment, medical personnel inquired into how they sustained their injuries. After receiving inconsistent stories from each victim and detecting an odor of paint thinner and/or ether on each, medical personnel advised officers of the Crockett County Sheriff's Department who, in turn, reported the possibility of a methamphetamine-related crime to Friendship Police Chief Garrett and agents of the Western Tennessee Judicial Violent Crime and Drug Task Force ("WTDTF"). Chief Garrett, accompanied by Assistant Chief Lynn Crawford, went to Lumley's mobile home where they arrived before WTDTF agents and found evidence of a fire near the entrance to Lumley's residence. Chief Garrett relayed his findings to WTDTF Agent Eric Uselton and further reported to Agent Uselton that possibly dangerous levels of fumes and vapors

---

[1]At his change of plea hearing, Lumley did not dispute the underlying offense conduct charged in this case. He likewise did not subsequently challenge the conduct as outlined in the Pre-sentence Report ("PSR"). Accordingly, the following facts are recited in accordance with the PSR. *See United States v. Adkins*, 429 F.3d 631, 632 (6th Cir. 2005) ("[Defendant] failed to object to the PSR and is therefore deemed to have admitted the facts therein.").

were present in and around the home. In response, Agent Uselton advised Chief Garrett to secure

the residence until his arrival and to keep all persons at a safe distance from the home.

Accompanied by several WTDTF agents, Agent Uselton subsequently arrived at Lumley's

residence where he waited for the fumes to dissipate to a level in which self-contained breathing

apparatuses were no longer necessary to enter the home. As agents thereafter approached the home,

they discovered, in plain view, a gallon can of Coleman camp fuel, a plastic gallon container of

muriatic acid, a scorched stainless-steel bowl with pink residue, a piece of burnt carpet, and a burnt

piece of children's clothing. After obtaining a search warrant permitting a search of the residence,

agents recovered substantial additional evidence of the manufacture and distribution of

methamphetamine, as well as a small amount of marijuana and a firearm.

Agent Uselton then conducted interviews of each defendant and, in doing so, specifically

inquired into the origin of the defendants' injuries. In substance, each defendant relayed that he or

she sustained burn injuries as a result of a fire that occurred when a stainless-steel bowl containing

camp fuel and/or ether was heated on a stove in an effort to manufacture methamphetamine.[2]

Although each defendant provided differing accounts of who was actually responsible for the

methamphetamine cook, each agreed that Lumley was burned when the contents of the stainless-

steel bowl "flared-up." At that point, John Smith grabbed the bowl in an effort to remove it from

---

[2]The defendants, however, provided largely inconsistent stories about how exactly Debra and
Alexis Smith sustained substantial burn injuries during the incident.

the residence. In doing so, however, he dropped the bowl when part of its contents spilled onto his hands and, as a result, most of the bowl's flaming contents spilled onto Lumley's back.

As a result of the foregoing, the grand jury returned a six-count indictment on September 23, 2004, against Lumley, his fiancée Jessica Singletary, John Smith, and Debra Smith. The indictment charged Lumley with conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846 (Count I); unlawful manufacture of methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II); possession of chemicals, equipment, products, and materials with the intent to manufacture methamphetamine and aiding and abetting in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2 (Count III); possession of a listed chemical, pseudoephedrine, with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c) (Count IV); creating a substantial risk to human life during the manufacture of methamphetamine and aiding and abetting in violation of 21 U.S.C. § 858 and 18 U.S.C. § 2 (Count V); and unlawful use and maintenance of a building for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856 (Count VI).

On January 5, 2005, Lumley entered a plea of guilty to counts I, III, V, and VI of the indictment without the benefit of a plea agreement. Following the preparation of a pre-sentence report, the district court held a sentencing hearing on April 4, 2005, during which the court ordered Lumley to serve ninety months in the custody of the Bureau of Prisons. In doing so, the court provided the following rationale:

> Mr. Lumley, these methamphetamine cases are just flooding the court, and they bring with them a special kind of heartbreak. They really do. I see people standing here

facing long sentences for methamphetamine. These are people that, apparently, once they start using methamphetamine, they just lose sight of everything. They lose interest in their job, in their family, in their houses. I see children who are abused and neglected because their parents become methamphetamine users. This drug is going through West Tennessee like the bubonic plague. It is destroying families daily. The anguish that this drug causes is just enormous.

And I have a hard time understanding why people would subject themselves to such a lifetime of heartbreak, but what is absolutely impossible for me to understand is how they could subject their children to the dangers of methamphetamine by cooking it in their presence. Or even by cooking it in the house where these children live. Or by throwing the residue out in the yard where these children play. It's just incredible to me that people will risk their children for this drug.

And I don't know what the answer is, Mr. Lumley, but Congress has declared that methamphetamine is a serious drug that carries with it serious penalties. Now, your criminal history score is at the lower end of your criminal history category, so that would justify a sentence toward the low end of your sentencing range. The government has recommended a sentence at the low end as well. And it seems to me, Mr. Lumley, that a sentence toward the low end of your range, if you're going to learn anything, you'll learn it in that period of time. If you're not going to learn it, it won't matter anyway.

\* \* \*

Based on your serious methamphetamine problem, I'll recommend that you be allowed to serve this at an institution where you can get intensive drug treatment and counseling. Also, I'll recommend that it be as close to home as possible, but the drug counseling is far more important, at least in the early stages.

Now, Mr. Lumley, I've considered these letters from your family and friends, and I'm going to hand these to the clerk for filing. You obviously have a lot of people who are going to stand by you through this. And you're a young man, and you've got plenty of time left to make up to all these folks the anguish and the heartache you've caused them up to now. And if you'll live a good life from here on out, perhaps you'll live long enough to make it up to them.

This timely appeal followed.

## II.

In his sole argument on appeal, Lumley contends that his ninety-month sentence is unreasonable. In doing so, Lumley's brief, which preceded our decision in *United States v. Williams*, 436 F.3d 706 (6th Cir. 2006), highlights that the Sixth Circuit had yet to announce its position on post-*Booker* sentences within an applicable advisory Guideline range. As a result, Lumley contends, the district court erroneously "relied exclusively on the Guideline range in fashioning [his] sentence." Lumley asserts that the Guideline range is "only one of several factors which must be taken into account at sentencing. The district court, however, failed to afford *any* consideration to the other factors of Title 18 U.S.C. § 3553(a), as specifically required by the Booker decision." For these reasons, Lumley concludes that "this case should be remanded to the district court for resentencing."

"[W]hen a defendant challenges a district court's sentencing determination, [this court is] instructed to determine 'whether [the] sentence is unreasonable.'" *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (quoting *United States v. Booker*, 543 U.S. 220, 261 (2005)) (third alteration in original), *cert. denied*, – U.S. – , 126 S. Ct. 1110 (2006). We have separated challenges like those presented by Lumley into two arguments: (1) procedural unreasonableness; i.e., the failure of a court to adequately consider the sentencing factors enumerated by § 3553(a), and (2) the unreasonableness of the sentence imposed; i.e., the district court placed undue weight on one particular factor, which resulted in an unreasonable sentence. *See United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006).

A.

Lumley first argues that his sentence is procedurally unreasonable because the district court failed to provide the requisite analysis pursuant to § 3553(a).  Title 18 U.S.C. § 3553 requires a district court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, and other factors.[3]  *Id*. § 3553(a)(1).  In particular, Lumley argues that the district court in this case failed to adhere to *United States v. Jackson*, 408 F.3d 301 (6th Cir. 2005), wherein we stated:

---

[3]In particular, a court must consider, *inter alia*, the following:

(2)     the need for the sentence imposed –

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)     to afford adequate deterrence to criminal conduct;
(C)     to protect the public from further crimes of the defendant; and
(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for –

(A)     the applicable category of offence committed by the applicable category of defendant as set forth in the guideline –

\* \* \*

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(2)-(4), (6)-(7).

> [E]ven post-*Booker*, the list provided by the district court, without any accompanying analysis, is insufficient to justify the sentence imposed, as it renders our reasonableness review impossible. Although we are fully cognizant of the fact that district courts are no longer bound by the Guidelines in the manner they once were, a fact which inevitably may empower district courts with greater flexibility in sentencing, we nonetheless find that, pursuant to *Booker*, we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed, as required by 18 U.S.C. § 3553(c).

*Id.* at 305. Although, undoubtedly, a district court's discussion of specific § 3553(a) factors facilitates appellate review, "'this court has never required the "ritual incantation" of the factors to affirm a sentence.'" *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006) (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)); *accord, e.g.*, *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005) ("The court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review."). We therefore review challenges for procedural unreasonableness on a case-by-case basis, *see United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006), during which we must be capable of engaging "in a meaningful reasonableness review of federal criminal sentences in accordance with Booker[,]" *Jackson*, 408 F.3d at 305.

With the foregoing principles in mind, the district court adequately considered several § 3553(a) factors. Specifically, the court expressly (1) considered Lumley's criminal history; (2) noted the serious nature of methamphetamine-related crimes, particularly those involving a minor; (3) considered the deterrent effect of the sentence; (4) considered and evaluated the applicable advisory guideline range; (5) ordered restitution to the Drug Enforcement Administration in the amount of $1,699.36; (6) recommended that Lumley serve his sentence at an institution where he

could receive intensive drug treatment and counseling; and (7) recommended that Lumley serve his sentence at an institution "as close to home as possible." Moreover, the district court noted that Lumley possessed limited assets and, accordingly, waived the requirement that he pay a fine. *United States v. Giles*, No. 05-5526, 2006 U.S. App. LEXIS 6150, **7-8 (6th Cir. Mar. 13, 2006) (unpublished) (noting that "[b]y discussing [defendant's] ability to pay the fine, the district court addressed 'the kinds of sentences available.'"). Accordingly, the district court adequately considered the applicable § 3553(a) factors.

## B.

Lumley next contends that even if the district court's review of the § 3553(a) factors was sufficient, his ninety-month sentence is nonetheless substantively unreasonable. For support, Lumley emphasizes that "[t]he Sixth Circuit has . . . emphasized that the Guideline range should not be considered presumptively reasonable." Since Lumley filed his brief, however, we issued our decision in *United States v. Williams*, 436 F.3d 706 (6th Cir. 2006), wherein the court held that a sentence imposed within the applicable Guideline range is entitled to a rebuttable presumption of reasonableness, *id*. at 708 ("We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness."). Lumley declined to file a supplemental brief amending his arguments and otherwise highlights no other deficiency in the court's sentence. Thus, given that the district court imposed a sentence within the applicable Guideline range and adequately considered the § 3553(a) factors, the resulting sentence imposed upon Lumley was not unreasonable.

*No. 05-5685*
*United States v. Lumley*


Affirmed.