**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0491n.06
Filed: July 13, 2006

Case No. 05-2238

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| SCOTT JOSEPH SKIBO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    KENNEDY and COLE, Circuit Judges; and VARLAN, District Judge[*]

VARLAN, District Judge.    Defendant-appellant Scott Joseph Skibo was sentenced to 144 months incarceration for unarmed bank robbery. On May 31, 2005, this court affirmed Skibo's conviction, vacated the sentence, and remanded his case for re-sentencing consistent with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court imposed the same sentence.

On appeal, Skibo argues that the trial court failed to adequately articulate the reasons for his sentence and that a 144-month term of imprisonment is not reasonable. For the reasons that follow, we **AFFIRM** the judgment of the district court.

---

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

I.

On April 25, 2003, Skibo entered a branch of the First National Bank and Trust located in Iron Mountain, Michigan. He gave a written demand note to the bank teller which, according to her, stated, "Don't say anything, and you won't get hurt. I know where you live. I want all of your large bills."[1] The teller gave Skibo two stacks of currency totaling $2,620, after which he fled the bank. Skibo was observed leaving the bank by a retired police officer who contacted the Iron Mountain Police Department. Skibo then led the police on a high-speed chase through construction zones, into oncoming traffic, and through police roadblocks. Skibo was forced from his vehicle when the police used "stop sticks" to deflate his tires. Skibo then fled on foot and entered a private residence where he was later found hiding.

On November 24, 2003, Skibo entered a guilty plea to the charge of bank robbery. At the initial sentencing hearing on March 3, 2004, the district court calculated the defendant's initial Guidelines offense level to be 21, with a criminal history score of V. Due to the application of U.S.S.G. § 4B1.1, Skibo was found to be a career offender with a Guidelines offense level of 29, a criminal history score of VI, and a sentencing range of 151 to 188 months. The two career offender predicate offenses were a June 22, 1993 state conviction for reckless endangerment for discharging a firearm and a federal drug conviction

---

[1]During his presentence interview, Mr. Skibo advised that his note basically said, "Just give me the money and don't do anything stupid."

on March 29, 1995 for conspiracy to manufacture methcathinone, possession of precursor and listed essential chemicals, and the attempted manufacture of methcathinone.

After considering the defendant's arguments that his criminal history was overstated, and that the court should depart based on diminished capacity and/or the totality of the circumstances, the district court acknowledged its discretion to depart under the Guidelines but declined to do so. The district court stated that it had considered all of the information presented by the parties, and imposed a sentence of 154 months incarceration, with a ten-month reduction for time served on his related state court conviction and sentence. Neither party expressed any additional objection to the sentence.

On May 31, 2005, this court issued an order which confirmed defendant's conviction, vacated the sentence, and remanded his case for resentencing consistent with *Booker*.

On August 31, 2005, the district court held a resentencing hearing. Both parties agreed that the career offender enhancement applied to Skibo and that the district court had correctly calculated the sentencing guideline range. After considering the arguments presented by both parties, the district court reviewed the defendant's criminal history and the nature of the instant offense, including his flight from the police. The district judge concluded that the "sentence originally imposed was a reasonable sentence" and that he could not "think of any real reason that [he] could articulate that the sentence should be different, considering all the facts and circumstances."

II.

When reviewing the district court's sentencing determinations, this court reviews the district court's factual findings for clear error, while reviewing the district court's conclusions of law *de novo*. *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). This court reviews the sentence imposed for reasonableness. *United States v. Williams*, 436 F.3d 706, 707 (6th Cir. 2006).

Following *Booker*, this court has required a sentencing judge to consider the list of sentencing factors articulated in 18 U.S.C. § 3553(a). *Id*. at 708. A sentence is considered unreasonable when the district judge fails to consider the applicable Guidelines range or the other factors listed in § 3553(a). *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006). A sentence that falls within the advisory Guidelines range is credited with a rebuttable presumption of reasonableness. *Williams*, 436 F.3d at 708. However, this rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence. *Richardson*, 437 F.3d at 554. Although it need not engage in a "ritual incantation" of the § 3553 factors, the district court must still articulate its reasoning sufficiently to permit reasonable appellate review by specifying the reasons for selecting the specific sentence within that range. *Williams*, 436 F.3d at 709; *Richardson*, 437 F.3d at 554. The *Richardson* court's cautionary advice is worth repeating:

> We emphasize the obligation of the district court in each case to communicate clearly its rationale for imposing the specific sentence. Where a defendant raises a particular argument in seeking a lower

4

> sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it. This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable.

*Id*. Finally, a resentencing court may revisit the entire sentencing procedure and may rely upon any legitimate factors in its reassessment of the sentence. *United States v. Rodgers*, 278 F.3d 599, 602 (6th Cir.), *cert. denied*, 535 U.S. 946 (2002).

Skibo first argues that the district court failed to consider all of the sentencing factors in 18 U.S.C. § 3553(a) because it did not say how the sentence imposed met the requirements of the statute. Skibo contends that the court did not appear to understand that it had the discretion to consider all the facts and circumstances of his record, including the timing of his prior offenses and that it was not required to impose a career offender sentence. Skibo particularly argues that the district court failed to consider the timing of his 1993 state conviction for reckless endangerment, where the offense occurred on March 4, 1993, just outside the ten-year time frame for a career offender predicate offense, and defendant was convicted on June 22, 1993, just within the ten-year period for a predicate offense. Skibo also argues that the prior offense occurred when he fired a handgun into the ground in self-defense in front of four larger men who were chasing him after a bar fight. In support of his argument, Skibo points to the district judge's statement at the initial sentencing hearing that "[t]ime frames are time frames ... some people beat it by a day, and some people beat it by

a year. But the time frames are relevant, and they're pretty much black and white. ...ten years is ten years. You can't much get around that."

With respect to the timing of defendant's predicate offenses, defense counsel agreed at the outset of the resentencing hearing that the career offender enhancement applied. Nevertheless, Skibo's argument seems to be that the district court's failure to depart from that enhancement was error. Pursuant to Application Note 3 of U.S.S.G. § 4B1.2, the definitions for computing criminal history in § 4A1.2 are applicable to the counting of convictions for the career offender enhancement in § 4B1.1. U.S.S.G. § 4A1.2(e)(2) provides that a prior sentence "that was imposed within ten years of the defendant's commencement of the instant offense is counted." Thus, Skibo's conviction on June 22, 1993 is within ten years of the instant offense committed on April 25, 2003. We do not find that the district court abused its discretion by failing to depart from a correctly calculated advisory Guidelines range. While the district court perhaps could have been more thorough in explaining its rejection of this argument, the record reflects that the district court was aware of its discretion at the resentencing hearing and that it considered the defendant's arguments.

In the present case, the resentencing hearing transcript reveals that the district court sufficiently articulated and explained its reasons for sentencing Skibo to a term at the lower end of the Guidelines range. The district judge stated at the outset of the resentencing hearing, "I reviewed everything yet today once again." After reviewing the previously developed record and hearing the arguments of counsel and from the defendant, the district court reviewed the defendant's Guidelines range and noted that the previous sentence was

6

within that range. The district court then reviewed Skibo's lengthy criminal history beginning at age 17 and continuing to the instant offense. The district court next reviewed the nature and circumstances of the present offense, noting that although Skibo did not have a weapon "the apparent threat, as any bank robbery, is a violence." Then, in addressing the rehabilitation arguments raised by Skibo, the district court stated, "While I can listen to promises, at a certain stage, you must get to the point where the record speaks louder than words." Thus, the district court concluded, "I think that, quite frankly, the sentence originally imposed was a reasonable sentence. It is within the guideline range. I can't think of any real reason that I could articulate that the sentence should be different, considering all the facts and circumstances. But Mr. Skibo's record and the nature of the particular offense and what occurred after the offense here. I mean, it's a very dangerous situation for everybody."

The record reflects that the district court considered the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant. While the district court did not address all of the § 3553(a) factors, the court is not required to do so as long as the court sufficiently articulates its reasoning in order to allow for reasonable appellate review. *Williams*, 436 F.3d at 708-09. Therefore, the district court appropriately considered the § 3553(a) factors and articulated the reasons for selecting the specific sentence within the advisory Guidelines range.

III.

Skibo next argues that a 144-month term of imprisonment is not a reasonable sentence because the district court refused to lower his sentence in consideration of the fact that he was convicted of one of his career offender predicate offenses nine years and ten months before the instant bank robbery. Skibo also argues that the district court was obligated to consider his personal characteristics, including his diagnosis of impulsivity, attention deficit hyperactivity disorder ("ADHD"), and substance abuse.

As noted previously, a sentence that falls within the advisory Guidelines range is credited with a rebuttable presumption of reasonableness. *Williams*, 436 F.3d at 708. This court has previously noted that "*Williams* does not mean that a Guidelines sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors." *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). Further, "*Williams* does not mean that a sentence within the Guidelines is reasonable if there is no evidence that the district court followed its statutory mandate to 'impose a sentence sufficient, but not greater than necessary' to comply with the purposes of sentencing in section 3553(a)(2)." *Id*.

As discussed above, the district court considered all of the relevant § 3553(a) factors and articulated its reasoning to permit reasonable appellate review. The district court considered and rejected each of the defendant's arguments at the initial sentencing hearing and was not required to restate its entire analysis at resentencing. The district court's refusal

8

to depart from the application of the career offender enhancement was not unreasonable in light of Skibo's lengthy criminal history and the nature and circumstances of the offense.

## IV.

For all the reasons discussed above, we **AFFIRM**.