NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0011n.06
Filed: October 6, 2004

No. 03-6120

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARCHELLO JIMMY LOVERSON, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

**PER CURIAM.** The defendant, Marchello Loverson, appeals the sentence that he received as the result of the guilty plea he entered to car-jacking and use of a firearm during a crime of violence. He alleges that the district court erred in applying a four-level enhancement under §2B3.1(b)(4)(A), which requires such an enhancement when the proof shows that a defendant "abducted [someone] to facilitate the commission of the offense or to facilitate escape." He argued at the sentencing hearing that he did not know that there were two children in the back seat of the car he commandeered until he had driven away from the convenience market where he had pulled the driver out of the car and shot the children's mother when she tried to rescue the children. However, at the earlier

guilty plea proceeding, the defendant admitted the existence of the following facts, which

were recited into the record by the government attorney in order to establish a basis for the

defendant's plea:

> In this case, we would have shown, Your Honor, that on March 2nd, 2001, Mr. Loverson carjacked a car from Angel Henry and David Payne at the Circle K Store on Shelby Drive here in Memphis. The proof would have shown that David Payne arrived at the Circle K Store driving his Buick LeSabre automobile. Angel Henry, his girlfriend, was in the front seat. Ms. Henry's two children, Dante, and DeAngelo, ages three and one, were in the back seat. Mr. Payne pulled up and parked his vehicle by the gas pump. Ms. Henry got out of the passenger seat and went inside the Circle K to use the ATM machine. Mr. Payne briefly got out of the car, washed the windows off, and got back in the driver's seat, and was sitting there waiting for Ms. Henry. Two children were in the back seat.

> While Mr. Payne was sitting there waiting, the defendant, Mr. Loverson, came up to the door, pulled the door open, and pulled Mr. Payne out. Mr. Payne then began struggling with Mr. Loverson. After they struggled for a bit, Mr. Loverson produced a pistol and fired a shot at fairly close range at James Payne, missing James Payne. Mr. Payne then turned to run. As he was running, he heard another shot, which he felt was aimed at him. At this point, Angel Henry was in the store, looked out. She saw Mr. Loverson about to get in the Buick LeSabre and drive off. Saw her kids were there, she started to run toward the Buick LeSabre, and she was yelling, "My kid," "My kids." As she was running toward the Buick LeSabre, Mr. Loverson pointed the pistol at her, fired a shot at her, hitting her in the leg and wounding her. Ms. Henry went down on the parking lot of the Circle K wounded in the leg.

> Mr. Loverson then proceeded to drive off in the Buick LeSabre, and he drove out onto Shelby Drive. Mr. Payne, who had run around the back of the Circle K, at that time saw a woman in another car following Mr. Loverson as the get-away driver.

> The proof would have shown that the children were dropped off unharmed about several blocks away at a Kentucky Fried chicken store about a mile away. They were recovered unharmed on the parking lot of a Circuit City store.

Under these circumstances, we think there can be no doubt that the defendant knew that the children were in the car and nevertheless left the scene intentionally, without taking time to remove them, in order to facilitate both the commission of the offense and his escape. We therefore find no error in the district court's application of the sentencing guideline at issue in this appeal.

AFFIRMED.