**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0171n.06**
**Filed: March 1, 2007**

**No. 05-6469**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES,                                    )
                                                  )
    Plaintiff-Appellee,                           )
                                                  )
v.                                                )   On Appeal from the United States
                                                  )   District Court for the Western
MARCHELLO JIMMY LOVERSON,                         )   District of Tennessee
                                                  )
    Defendant-Appellant.                          )
                                                  )

Before:    BOGGS, Chief Judge; MERRITT and MOORE, Circuit Judges.

PER CURIAM.

Marchello Jimmy Loverson appeals his 541-month sentence for conviction on two counts of carjacking and two counts of using a firearm in the commission of a violent offense, on the grounds that the trial court improperly made a judicial finding of a prior offense, and that the sentence was unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005). We affirm the district court's sentence.

**I**

Marchello Jimmy Loverson was indicted on two counts of carjacking, in violation of 18

U.S.C. § 2119, and two counts of using a firearm in the commission of a violent offense, in violation of 18 U.S.C. § 924(c). A pair of the two crimes stemmed from each of two separate carjacking incidents on February 2, 2001 and March 2, 2001. Loverson pled guilty to the counts related to the March 2 crime, and after a jury trial was convicted of the counts related to the February 2 crime. He was sentenced on August 19, 2003, to 541 months of imprisonment, based on a mandatory minimum 10-year sentence for the first § 924(c) offense, a mandatory minimum consecutive 15-year sentence for the second § 924(c) offenses, and 121 months for the two § 2119 offenses, the bottom of the relevant Sentencing Guidelines range. On appeal, this court affirmed the district court's sentence, *United States v. Loverson*, 111 F. App'x 831 (6th Cir. 2004), and the Supreme Court remanded for reconsideration under *Booker*. *See United States v. Loverson,* 123 F. App'x 235 (6th Cir. 2005). On remand, the district court conducted a new sentencing hearing, and again sentenced Loverson to 541 months of imprisonment.

## II

Loverson argues that, in order to serve as a basis for an enhanced penalty, the fact of his prior conviction for violation of 18 U.S.C.§ 924(c) (i.e., the conviction based on his guilty plea to the March carjacking) should have been submitted to a jury and proven beyond a reasonable doubt. This argument is completely without merit. Although Loverson argues not implausibly that the Supreme Court might change its holdings at some point in the future,[1] he admits that

---

[1]Loverson's case for imminent change relies on indications in Supreme Court dicta, primarily from Justice Thomas. *See, e.g.*, *Apprendi*, 530 U.S. at 520-21 (Thomas, J., concurring) (characterizing *Almendarez-Torres* as an "error to which I succumbed"); *Shepard v. United States*, 544 U.S. 13, 27 (2005) (Thomas, J., concurring) ("a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided," and "in an appropriate case, this Court should

*Almendarez-Torres v. United States*, 523 U.S. 224 (1990)—which permits judges to find the fact of prior convictions—currently remains good law. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *United States v. Perry*, 438 F.3d 642, 652 (6th Cir. 2006); *United States v. Davis*, 306 F.3d 398, 411-12 (6th Cir. 2002). We are thus clearly bound by precedent holding that there is no constitutional violation when a trial court finds the fact of a prior conviction for sentencing purposes.

### III

Loverson also argues that, even if he is subject to a statutory minimum of 35 years for the two firearms offenses, his total sentence of 541 months is unreasonable. He suggests (correctly) that the district court, post-*Booker*, was under no obligation to sentence him for the carjacking offenses within the (advisory) guidelines range, and in particular contends that "[t]he court could have imposed a nominal sentence for the carjacking offenses . . . instead of opting for the low end of the Guidelines range . . . ." Our review is limited to the question whether the sentence imposed by the district court was reasonable in light of the factors specified in 18 U.S.C. § 3553(a). *See, e.g., United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005).[2] In answering

consider [its] continuing viability").

[2]We note that the trial judge erroneously asserted that his job was to impose a "reasonable" sentence, whereas in fact 18 U.S.C. §3553(a) charges him with "impos[ing] a sentence sufficient, but not greater than necessary, to comply with the purposes" enumerated at §3553(a)(2). *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006). Our review is for reasonableness. *Booker*, 543 U.S. at 261.

this question, we review for both procedural and substantive reasonableness. *United States v. Webb*, 403 F.3d 373, 383-85 (6th Cir. 2005).

While Loverson's sentence is undoubtedly a long one, he offers no basis for this court to overturn it. He does not appear to take issue with the procedural reasonableness of the sentence, and indeed the district court undertook a thorough consideration of the § 3553(a) factors, focusing primarily on the seriousness of the offense (the carjackings resulted in multiple gunshots by Loverson, in one case striking a victim in the leg; and the brief abduction of two children, ages one and three, in the back of one of the cars), and a criminal history, juvenile and adult, that suggested likely recidivism.

Loverson takes issue with the trial judge's observation that if he were "writing on a clean slate" he might have arrived at a different sentence, arguing that this suggests the judge considered himself impermissibly restrained by the Sentencing Guidelines in the exercise of his discretion. However, the record is clear that the judge was aware of the Guidelines' advisory nature, and, insofar as he was in fact *not* writing on a clean slate (given the statutory minimums of the § 924(c) offenses, and § 3553(a)'s requirement that the guidelines range constitute a factor in the sentencing determination) the statement, taken in context, hardly implies any failure to exercise the proper discretion, only a recognition that his discretion was not absolute. And though Loverson clearly alleges his sentence to be substantively unreasonable, in light of the § 3553(a) considerations articulated by the district court, and the rebuttable presumption of substantive reasonableness this court accords to sentences within the guidelines range, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), he has offered no support for his contention.

4

**IV**

For the foregoing reasons, the judgment of the district court imposing a sentence of 541 months is AFFIRMED.