**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0630n.06
Filed: August 29, 2007

**No. 06-2086**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| JAMES SCADIN, | ) | District of Michigan |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:      BOGGS, Chief Judge; ROGERS, Circuit Judge; and CALDWELL, District Judge.[*]

PER CURIAM.   Scadin, after admitting to violations of the terms of his supervised release, was sentenced to 18 months of imprisonment.  He appeals, arguing that his sentence was unreasonable because the trial court gave improper weight to conduct he had not admitted, and which had not been alleged in the his probation officer's violation petition.  We affirm.

I

Scadin's probation officer submitted a violation petition on July 14, 2006, alleging three

---

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

violations of the terms of his supervised release, all of which Scadin admitted at his hearing. In addition, the probation officer submitted a violation report, dated June 20, 2006, discussing a June 10, 2006, encounter with the police–which, contrary to the terms of his supervised release, he failed to report to his probation officer within 72 hours–in which Scadin's car was impounded from near the site of an attempted breaking and entering of an abandoned building, and characterizing Scadin as a "suspect" in it. During his August 8, 2006 hearing, the trial court asked Scadin about the incident; Scadin admitted only that his car had been towed from near the building, and that he had contacted the police to retrieve his car.

Prior to sentencing, Scadin argued that, despite an advisory Guidelines range of 12 to 18 months, community confinement was a sufficient penalty. The court, in discussing the factors on which it based its sentencing determination, commented on Scadin's "break-ins and larcenies." Scadin now objects, though he did not at sentencing, to what he believes to be the trial court's improper reliance on the unadmitted breaking and entering incident.


II

Because he failed to object on this basis at sentencing, to the extent that Scadin challenges the procedural reasonableness of his sentence, we review only for plain error. *United States v. Bostic*, 371 F.3d 865, 871.[1] Scadin does not dispute that a sentencing court may consider its own determination of facts not admitted by the defendant, but claims that he was not given adequate notice of the judge's reliance on the June 10, 2006 attempted break-in. Given

---

[1]Scadin's counsel stated at oral argument that Scadin was only challenging the substantive reasonableness of the sentence; however, his argument is framed largely in terms of procedural reasonableness.

that the incident was openly discussed during his hearing, it is unclear what additional notice Scadin believes he should have received, nor does he point to any law suggesting that this notice was insufficient. Scadin appears to be arguing, without noting the contradiction, both that the record clearly indicates that the judge excessively relied on the June 10 incident, but that, at the same time, the judge did not give him sufficient indication that he was considering the incident. He does not otherwise challenge the procedural reasonableness of his sentence, and the record indicates that the trial court considered the relevant 18 U.S.C. § 3553(a) factors, providing an explanation sufficient to permit meaningful appellate review. *See, e.g., United States v. Foreman*, 436 F.3d 638, 640 (6th Cir. 2006). Accordingly, we find no procedural error, much less a plain one.

Scadin, relying at oral argument on an unpublished opinion of this court, argues that his request at sentencing for a shorter sentence fully preserves his right to challenge the substantive reasonableness of his sentence. *See United States v Saffore*, 216 F. App'x 531, 532 (6th Cir. 2007). He failed, however, to make any argument at all–beyond his bare assertion that a shorter sentence, or one of community confinement, would have been sufficient–that his sentence was substantively unreasonable. Given that his sentence, within the advisory Guidelines range, is entitled to a presumption of reasonableness to which he offers no rebuttal (aside from the argument regarding the June 10 incident rejected above), *see, e.g., United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), there is no basis on which to find that his sentence was substantively unreasonable.

III

3

Accordingly, the sentence of the district court is affirmed.