RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0043p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-5416

LEONARD JERMAIN WILLIAMS,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 03-10105—James D. Todd, Chief District Judge.

Submitted: January 24, 2006

Decided and Filed: January 31, 2006

Before: SILER, SUTTON, and COOK, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** M. Dianne Smothers, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

---

## OPINION

---

COOK, Circuit Judge. Leonard Jermain Williams pleaded guilty to possessing firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). The district court sentenced him, and Williams now asks this court to vacate the sentence as unreasonable. Because the district court reasonably sentenced Williams, we affirm.

I

Following Williams's guilty plea, the probation office prepared a presentence report. The report recommended two Sentencing-Guidelines enhancements because Williams possessed three stolen firearms. Williams objected to the enhancements as based on facts neither admitted by the defendant nor found by a jury, but the court overruled the objections, finding Williams's guilty plea and written statement sufficient to constitute an admission.

1

The district court, "consider[ing] the guidelines only in an advisory fashion," concluded that the "range of 57 to 71 months . . . calculated by the probation officer . . . is a reasonable range." The court then imposed a sentence of 64 months:

> The defendant's number of firearms, three, is at the low end of that range, so that would justify a sentence at the low end of his sentencing range. The defendant's criminal history score is at the top of the criminal history category. That would justify a sentence at the top end of the range. Put those two factors together and the court concludes that a sentence near the middle of the sentencing range is an appropriate, reasonable sentence.

## II

We must affirm Williams's sentence if it is "reasonable." *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005). Williams suggests that the district court presumed the Guidelines range to be reasonable, and that this deprived him of a proper integration of the statutory factors found in 18 U.S.C. § 3553(a). His arguments lack merit.

Although several of our sister circuits have concluded that any sentence within the applicable Guidelines range garners a presumption of reasonableness,[1] this court has yet to articulate what weight should be accorded the Guidelines relative to the other sentencing factors listed in § 3553(a). *See United States v. Webb*, 403 F.3d 373, 385 n.9 (6th Cir. 2005) (declining "to indicate what weight the district courts must give to the appropriate Guidelines range, or any other § 3553(a) factor"); *see also id.* at 385 (Kennedy, J., dissenting). We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness. Such a presumption comports with the Supreme Court's remedial decision in *Booker*. *See United States v. Booker*, 125 S. Ct. 738, 757 (2005) (holding that the modified Federal Sentencing Act "requires a sentencing court to consider Guidelines ranges, but . . . permits the court to tailor the sentence in light of other statutory concerns as well" (citation omitted)).

Here, the district court determined that "the advisory nature of the guidelines leads the court to conclude that this range of sentences . . . is a reasonable range." Williams argues from this that the district court improperly presumed the Guidelines range to be reasonable. Assuming we agree with Williams's interpretation, we nonetheless discern no error in light of our holding above.

Williams's related argument—that the district court, in focusing on the Sentencing Guidelines, ignored the remaining factors listed in § 3553(a)—likewise fails. Williams correctly notes that the sentencing judge must consider the list of sentencing factors articulated in 18 U.S.C. § 3553(a). *See United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005). Such consideration, however, need not be evidenced explicitly, and Williams fails to point to any indication that the district court ignored those factors.

In fact, the record demonstrates that the district court did consider § 3553(a) factors. For instance, the court recommended that Williams be allowed to serve his sentence "at an institution

---

[1] *See United States v. Gonzalez,* 134 Fed. Appx. 595, 598 (3d Cir. 2005) (unpublished order) ("Although the Sentencing Guidelines are not mandatory, sentences within the prescribed range are presumptively reasonable."); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) ("The best way to express the new balance, in our view, is to acknowledge that any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness."); *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005); *see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) ("If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines. Given the deference due the sentencing judge's discretion . . . it will be rare for a reviewing court to say such a sentence is 'unreasonable.'").

where [he could] get . . . drug treatment and drug counseling." *See* 18 U.S.C. § 3553(a)(2) (requiring the court to consider "the need for the sentence imposed . . . to provide the defendant with . . . medical care, or other correctional treatment"). In discussing Williams's inability to pay a fine and in recommending an institution close to West Tennessee so that Williams could be close to his family, the court took into account "the kinds of sentences available." *See id.* § 3553(a)(3); *United States v. Hicks*, 152 Fed. Appx. 803, 809 (11th Cir. 2005) (holding that the district court, in discussing the defendant's inability to pay a fine, addressed "the kinds of sentences available").

Williams identifies no factor from § 3553(a) that would render his sentence unreasonable; instead he asks the court to conclude that the district court's failure to explicitly discuss each factor rendered his sentence unreasonable. "Although the district court may not have mentioned all of the [§ 3553(a)] factors . . . explicitly, and although explicit mention of those factors may facilitate review, this court has never required the 'ritual incantation' of the factors to affirm a sentence." *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) (affirming sentence for violation of supervised release terms). "The court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *Kirby*, 418 F.3d at 626*; see United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) ("[T]he sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence. Moreover, we do not demand that the district court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.") (quotation omitted); *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) ("We now . . . squarely hold that nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.").

Here, the district court articulated its reasoning sufficiently to permit reasonable appellate review, specifying its reasons for selecting a sentence in the middle of the Guidelines range. "[T]he record indicates that the district judge carefully reviewed and weighed all the relevant information provided by [Williams], the government, and the probation office before arriving at [Williams's] sentence. As a result, we find nothing in the record that indicates that [Williams's] sentence is an unreasonable one . . . ." *Webb*, 403 F.3d at 385.

III

In the absence of a showing that the district court imposed an "unreasonable" sentence, we affirm.