RYAN, Circuit Judge,
dissenting.
My brother’s approach to the resolution of this appeal is rather different than mine and produces a contrary result. Therefore, I must, with respect, dissent.
I would affirm the sentence imposed. The district court judge, a skilled and experienced trial judge, was aware at the time he sentenced the defendant that the United States Sentencing Guidelines were under attack in the United States Supreme Court and might be held unconstitutional. So the judge did precisely what this court suggested he do in United States v. Koch, No. 02-6278, 2004 WL 1870438 (6th Cir. Aug. 13, 2004) (en banc order): he imposed an alternative sentence based upon the assumption that the Supreme Court would invalidate the Guidelines.
I understand I have the ability to depart downward in some situations, but I do not exercise that discretion. And the sentence without the guideline range being binding, subject to departures, would probably be about the same. It would be the same.
(Emphasis added.)
The sentence of 48 months’ confinement, imposed on the assumption that the Guidelines were not “binding” was toward the lower end of the now advisory Guidelines range of 46 to 57 months. Until this *441 court’s decision a short time ago in United States v. Williams, 436 F.3d 706 (6th Cir. 2006), this court’s case law might have required that Canaca’s sentence be set aside and resentencing ordered. But Williams has changed the rule in this court. Now, when a sentencing court, aware that the Guidelines are not mandatory, imposes a sentence within the Guideline range, the sentence is presumptively reasonable. Nothing in United States v. Foreman, 436 F.3d 638 (6th Cir.2006), changes our new rule, or could do so. The court below assumed the Guidelines were not “binding” and imposed a sentence within the Guidelines range. Therefore, the sentence is presumptively reasonable.
I would affirm the trial court’s sentencing judgment.