NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0450n.06
Filed: June 28, 2006

No. 05-2041

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RICKEY CLARK LEPPEN, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | SOUTHERN DIVISION |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GRIFFIN and SUHRHEINRICH, Circuit Judges; SPIEGEL, District Judge.[*]

SPIEGEL, Senior District Judge. Defendant-Appellant appeals his sentence of 140 months, for Endangering Human Life while Attempting to Manufacture Methamphetamine. For the reasons indicated herein, the Court **AFFIRMS** the district court.

This is a tragic criminal case. Appellant was involved in manufacturing methamphetamine when something went awry causing an explosive fire that killed Appellant's girlfriend, Dawn Marie Brown, severely burned Appellant, put Appellant into a coma and a two-month long hospital stay,

---

[*] The Honorable S. Arthur Spiegel, United States Senior District Judge for the Southern District of Ohio, sitting by designation.

and destroyed a mobile home.  Appellant entered a guilty plea to the charge against him, and the district court imposed a sentence of 140 months, a sentence at the lowest end of the guidelines range.

Appellant brings his appeal under the theory that the sentence imposed was unreasonable and insufficient reasons were given to permit adequate appellate review.  Appellant argues the sentence he received was unreasonable because 1) although he participated in the manufacturing process of methamphetamine, his role was secondary to that of his girlfriend, who was actually cooking the methamphetamine and who died as a result of the explosion; 2) he did not intend for his girlfriend to die, and she assumed the risk involved in the activity; 3) he was seriously injured; 4) the court focused on the nationwide problem of methamphetamine rather than the facts of the case before him; 5) his role in the manufacturing process did not cause the explosion; 6) the court noted that two young children are motherless as a result of this tragedy,  Appellant emphasizes that he also suffered tragedy as he is the father of these children; 7) the court noted that addiction to methamphetamine is very difficult to break; and 8) the Court noted that Appellant's placement in Criminal History Category VI casts doubt on his ability to reform himself, but he was placed in such category for the commission of a large number of relatively minor offenses.

Appellant argues the sentencing court placed too much reliance on the sentencing guidelines, without parsing out the specific facts of his case, in contravention of United States v. Booker, 543 U.S. 220 (2005).  Appellant argues that "excessive deference" to the guidelines amounts here to an end-run around Booker by making a sentence on the low end of the range mandatory.  Appellant further argues that under United States v. Jackson, 408 F.3d 301 (6th Cir.

2005), a district court must provide an adequate explanation of its reasons for imposing the sentence, which in his view was lacking in this case.

The Court does not find Appellant's argument well-taken. The sentence here, at the lowest end of the guideline range, was reasonable where Appellant was a career offender involved in dangerous activity that resulted in the death of his girlfriend. The district court explicitly considered the guidelines, the statutory factors, and other relevant information in imposing the sentence.

The government argues that a sentence within the advisory guideline range is <u>presumptively</u> reasonable, that the Court granted a 5k1.1 downward departure despite a "thin substantial assistance motion," and that Appellant's role in the manufacturing was not minor given he arranged for the place for manufacture and assisted in the process. For these reasons the government argues the sentence given Appellant was actually not only reasonable, but lenient.

As for Appellant's argument that the district court failed to adequately explain the reasons for its sentence, the government cites to the transcript of the sentencing hearing. In such transcript, the district judge noted that Dawn Marie Brown suffered an excruciating death, two young girls are motherless, methamphetamine crimes are punished harshly by the guidelines, and Appellant has a history as both an addict and a dealer.

Having reviewed the sentencing transcript, the Court finds it clear the district court gave thoughtful consideration to this case and provided reasons for the sentence imposed. Although the district court <u>could</u> have departed below the guideline range, it provided a reasonable basis for its

conclusion that a sentence at the low end of the applicable range was appropriate. A refusal to depart below the guideline range in a particular case does not mean the guidelines somehow become mandatory. It merely means that after having reviewed the facts of the case, as the court did here, it concluded that as to the offense in question, this case is not the case where such a departure is warranted.

Appellant's reliance on Jackson, 408 F. 3d 301 (6th Cir. 2005), is misplaced. In Jackson, the government appealed the district court's decision to depart below the Guideline range while relying on factors deemed to be prohibited or discouraged by the Guidelines. 408 F.3d at 305. Here, the district court acknowledged the Guidelines, and simply did not find a variation below the sentencing range reasonable or necessary. The court explicitly considered the factors listed in 18 U.S.C. § 3553, including the nature and circumstances of the offense, the history of the Appellant, and the need for the sentence imposed to reflect the seriousness of the offense. Having considered such factors the Court concluded a sentence within the Guideline range would be appropriate.

As a final matter, the recent decision in United States v. Buchanan, 05-5544, May 26, 2006, is highly instructive as to the question of the presumptive reasonableness of a guidelines sentence. The Buchanan majority noted that a trial judge may not give an irrebuttable presumption of reasonableness to a guidelines sentence, but that a court of appeals could give a properly calculated guidelines sentence a rebuttable presumption of reasonableness. Buchanan, citing United States v. Williams, 436 F.3d 706, 708 (6th Cir. 2006). In his concurring opinion, Judge Sutton helpfully noted that "[A] district court's job is not to impose a 'reasonable' sentence. Rather, a district court's

mandate is to impose a 'sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a). Reasonableness is the <u>appellate</u> standard of review in judging whether a district court has accomplished its task." <u>Id</u>. at 9. Judge Sutton further stated, "we ought to return at some point to what is perhaps the most important presumption in this area-–giving district courts the benefit of the doubt in reviewing their sentencing determinations." <u>Id</u>. at 10.

Having reviewed this matter and having heard oral argument, the Court concludes that the district court imposed a reasonable sentence in this case.

Accordingly, the sentence of the district court is **AFFIRMED**.