NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0456n.06
Filed: June 28, 2007

No. 05-4653

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DONAZE GAINES, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: GILMAN, GIBBONS, and GRIFFIN, Circuit Judges.

RONALD LEE GILMAN, Circuit Judge. In 2002, a jury convicted Donaze Gaines on one count of possession with intent to distribute 9.55 grams of crack cocaine and on one count of being a felon in possession of a firearm. The district court sentenced him to 327 months of imprisonment. Gaines's conviction was affirmed on appeal, but his case was remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). The district court resentenced Gaines to 300 months of imprisonment. He has appealed once again. For the reasons discussed below, we **AFFIRM** Gaines's sentence.

**I. BACKGROUND**

The facts of this case are fully set forth in this court's disposition of Gaines's first appeal, *United States v. Gaines*, 105 F. App'x 682 (6th Cir. 2004), and will not be repeated here. We affirmed both his conviction and his sentence. The Supreme Court granted Gaines's petition for a writ of certiorari and remanded the case to us for reconsideration in light of its holding in *United States v. Booker*, 543 U.S. 220 (2005). *Gaines v. United States*, 543 U.S. 1114 (2005). We in turn remanded the case to the district court "for re-sentencing in conformity with *Booker*."

Upon remand, Gaines once again challenged the district court's findings that (1) he was subject to an increased mandatory-minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and (2) he fit the classification of a career offender under U.S.S.G. § 4B1.1. At the resentencing hearing, the district court noted that it had already ruled on those arguments at Gaines's first sentencing hearing, that those issues were not raised in his prior appeal, and that they were not available to be reopened. The district court further stated that it would have reaffirmed its earlier rulings on those issues in any event. During the resentencing hearing, the government read into the record the indictments for Gaines's prior burglary crimes, which served as the predicate offenses for his classifications as both an armed career criminal and a career offender.

The district court then considered the remaining sentencing issues raised by Gaines, as well as the application of the statutory sentencing factors outlined in 18 U.S.C. § 3553(a). It addressed the disparity in the Guidelines between crack cocaine and powder cocaine, concluding that the disparity did not drive the result in Gaines's case. This conclusion was based on the fact that his status as an armed career criminal, as well as his classification as a career offender, caused his

Guidelines range to be higher than the range for the crack cocaine offense itself. The court next addressed Gaines's argument that his prior convictions took place some time ago. It then considered Gaines's traumatic childhood and his claims of rehabilitation. Finally, the court addressed Gaines's argument that his cooperation with federal agents in an ongoing drug investigation called Operation Rolling Thunder should be taken into account.

The district court ruled that there was no basis for a downward departure under U.S.S.G. § 5K1.1 because the government had not filed the required motion in support of a departure based on Gaines's cooperation. Instead, the court awarded credit for Gaines's cooperation outside of the Guidelines and ultimately imposed a new sentence of 300 months' imprisonment.

Gaines has appealed once again, contending that (1) the district court erred when it applied the law-of-the-case doctrine to his resentencing, (2) he was denied due process when the district court found that he was both an armed career criminal and a career offender, (3) the district court, prior to Gaines's initial conviction, should have granted his motion to suppress on the basis that the search warrant was defective, and (4) he was denied due process because of an alleged deprivation of his right to a speedy trial.

## II. ANALYSIS

### A.    Standard of review

We review the district court's decision to apply the law-of-the-case doctrine for abuse of discretion. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). The district court's findings of fact with respect to the Sentencing Guidelines, on the other hand, will not be reversed by us unless

they are clearly erroneous. *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005). But we review de novo mixed questions of law and fact. *Id*. Likewise, a constitutional challenge to a sentence is reviewed de novo. *United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003).

**B.      Law-of-the-case doctrine**

The law-of-the-case doctrine provides that, absent extraordinary circumstances, we will not reconsider determinations made by us at a prior stage of the same litigation. *United States v. Tocco*, 306 F.3d 279, 288 (6th Cir. 2002). This doctrine does not necessarily deprive a court of discretion to revisit an issue, so long as the case remains within its jurisdiction. *Todd*, 920 F.2d at 403. The Supreme Court has instructed, however, that the doctrine should be applied in the absence of "extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation and quotation marks omitted).

In his brief, Gaines argues that we should make an exception to this doctrine because "the statutory law had been declared unconstitutional" by intervening Supreme Court decisions. He relies on *Amen v. City of Dearborn*, 718 F.2d 789, 793-94 (6th Cir. 1983), for the proposition that "the doctrine must yield to an intervening change of controlling law between the date of the first ruling and the retrial." Although Gaines does not specify the statutory law at issue, we presume that he is referring to the Sentencing Guidelines, which the Supreme Court in *Booker* held are no longer mandatory. 543 U.S. at 232-33. We find nothing in the *Booker* holding, however, nor anything in its wake, that constitutes a "change in controlling law" warranting an exception to the law-of-the-case doctrine with respect to Gaines's Fourth Amendment or speedy-trial claims.

Gaines raised both the Fourth Amendment and the speedy-trial claims in his first appeal, and this court specifically held that his challenges had no merit. *See Gaines*, 105 F. App'x at 693-98. Moreover, he presents neither new controlling law nor extraordinary circumstances that would compel us to revisit these arguments. We therefore conclude that application of the law-of-the-case doctrine was appropriate in the present case.

## C.     Guidelines-based challenges to the sentence

Gaines next argues that he does not qualify as an armed career criminal under 18 U.S.C. § 924(e) or as a career offender under U.S.S.G. § 4B1.1. Although Gaines raised this argument at his initial sentencing, he failed to pursue it on his first appeal. *See Gaines*, 105 F. App'x at 685. The district court concluded at Gaines's resentencing hearing that he had waived any Guidelines-related arguments due to his failure to previously raise them. Gaines argues on this appeal that the waiver doctrine is inapplicable because *Booker* and *Shepard v. United States*, 544 U.S. 13 (2005), changed the law, thus allowing him to reassert all Guidelines-related challenges. We find no need to resolve this procedural question, however, because we conclude that Gaines's arguments fail on their merits.

First, Gaines contends that, under *Shepard*, his prior burglary convictions do not qualify as predicate offenses for the purposes of classification under the ACCA, 18 U.S.C. § 924(e). In *Shepard*, the Supreme Court addressed the narrow issue of whether a court applying the ACCA sentencing enhancement could look to police reports or complaint applications to determine whether a prior guilty plea supported a conviction for generic burglary. 544 U.S. at 17. This issue arose because Massachusetts has two burglary statutes, one of which expands the traditional definition of

burglary that once applied only to buildings to cover break-ins of boats and cars as well. *Id*. at 16-17. Shepard had previously pled guilty to offenses under this expanded statute.

The Supreme Court held that a district court could not consider police reports or complaint applications when making its determination of whether a guilty plea to burglary under the broader statute admitted the elements of generic burglary necessary to qualify as a predicate offense under the ACCA. *Id*. at 26. Instead, the district must look only to the charging document, the terms of the plea agreement, the transcript of the plea colloquy between the judge and the defendant, or "to some comparable record of this information" in establishing the factual basis of the predicate offense. *Id*. Gaines argues that the Ohio burglary statute is identical to the Massachusetts statute that was at issue in *Shepard* in that it expands the definition of burglary to apply to boats and cars, and therefore his prior guilty pleas cannot constitute predicate offenses under the ACCA.

Gaines's argument fails because, as stated above, a sentencing court may look to the charging document when determining whether prior convictions qualify as predicate offenses under the ACCA. *Id*. at 26. At Gaines's resentencing, the government read the indictments in the prior burglary cases into the record. These indictments charged Gaines with entering the "habitation" of the victims. This information is what led the district court to conclude that Gaines's prior burglary convictions qualified as predicate offenses for purposes of the ACCA. Moreover, the court concluded that Gaines would qualify under the ACCA on the basis of his other violent felony convictions for robbery, felonious assault, and involuntary manslaughter even without consideration of the burglary offenses.

Gaines further argues that, as a result of *Booker*, the finding that he is a career offender must be made by a jury rather than the district court. A defendant may be designated a career offender under the Guidelines if (1) he was at least 18 years old at the time of the commission of the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a violent or controlled-substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled-substance offense. U.S.S.G. § 4B1.1. The two prior felony convictions must be "unrelated" under the Guidelines in order to qualify. U.S.S.G. § 4B1.2(c). Previous convictions are unrelated if they "were for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2 cmt. n.3. Gaines argues that his three 1988 convictions should have been counted as only one conviction because they were allegedly all part of the same plan or scheme. The Presentence Report, however, confirms that all three of these convictions were in fact separated by intervening arrests.

But Gaines contends that a jury must determine whether these prior convictions were part of the same plan or scheme under the Supreme Court's reasoning in *Booker*, *Shepard*, and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This argument fails because *Booker* does not confer the right to have the career-offender determination submitted to a jury. *See United States v. Bradley*, 400 F.3d 459, 462-63 (6th Cir. 2005) ("From *Apprendi* to *Blakely* to *Booker*, the [Supreme] Court has continued to except such factfinding from the requirements of the Sixth Amendment.").

Moreover, in *United States v. Alford*, 436 F.3d 677, 680-81 (6th Cir. 2006), this court held that the relatedness or separateness of prior convictions under the Guidelines, like the question of whether the conviction was for a crime of violence, is so intimately connected to the fact of a prior

conviction as to come within the "prior convictions" exception to *Apprendi*. It further held that "this inquiry . . . does not pertain to the offense for which [the defendant] was charged," but rather goes to the question of recidivism, which is properly a sentencing consideration. *Id.* at 681. For these reasons, we conclude that Gaines's argument on this ground is without merit.

**D.     Reasonableness of the sentence under *Booker***

Gaines's applicable Guidelines range was from 262 to 327 months of imprisonment. The district court initially imposed a sentence of 327 months, at the top of the recommended Guidelines range. At the resentencing hearing, the district court explicitly considered the following § 3553(a) factors: (1) the nature of the offense, including the disparity in sentencing ranges between offenses involving crack cocaine and those involving powder cocaine, (2) Gaines's history of violence balanced against his claims of childhood abuse, (3) his claims of rehabilitation, (4) and his apparent lack of remorse. Moreover, the district court concluded that it could consider, as a result of *Booker*, Gaines's less-than-full cooperation in the government's Operation Rolling Thunder investigation, even though this imperfect cooperation did not qualify him for a downward departure under the Guidelines. Taking all of these factors into account, the court imposed a new sentence of 300 months, which is below Gaines's original sentence and well within the recommended Guidelines range.

Gaines offers nothing that would rebut the presumption of reasonableness that we accord this sentence. *See Rita v. United States,* — U.S. —, No. 06-5754, 2007 WL 1772146, at *3 (June 21, 2007) (holding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"); *see also United States v.*

*Williams*, 436 F.3d 706, 708 (6th Cir. 2006) (according a presumption of reasonableness to a sentence imposed within the properly calculated Guidelines range). He simply disagrees with the weight that the district court gave to the abuse he endured as a child, as well as the large disparity in sentences involving crack cocaine as opposed to those involving cocaine in powder form. Given the clarity with which the district court explained how it balanced these factors against the other facts, we find no error in the sentence imposed. We therefore conclude that the sentence of 300 months' imprisonment was reasonable.

## III. CONCLUSION

For all of the reasons stated above, we **AFFIRM** the judgment of the district court.