**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0494n.06
Filed: August 13, 2008

**No. 07-5871**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| ERASMO CASTILLO, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |

**BEFORE:     SUTTON and COOK, Circuit Judges, and Rose, District Judge.**[*]

**Per Curiam.** Defendant-Appellant Erasmo Castillo appeals the sentence imposed upon him after his guilty plea to charges of conspiracy to possess with intent to distribute and possession with intent to distribute 1,700 pounds of marijuana. Castillo claims that the district court mechanically imposed a guideline sentence that was unreasonable in light of Castillo's request for either a variance or downward departure based upon diminished mental capacity and substantial assistance to the Government. Because the sentence was reasonable in light of Castillo's mental capacity and criminal history, we will affirm the sentence imposed by the district court.

**I.      Factual Background**

_____

[*]The Honorable Thomas M. Rose, United States District Court for the Southern District of Ohio, sitting by designation.

On June 26, 2005, during a routine weigh-station inspection in Hope, Arkansas, police found marijuana in a truck loaded with broccoli. The truck was followed all the way to Louisville, Kentucky, by which time the police had determined that a car was trailing the truck and that another was running ahead, operating as a look-out. Defendant-Appellant Erasmo Castillo drove the car that followed the truck. After 680 kilograms of marijuana were unloaded into vans in Louisville, the police arrested those involved. On November 16, 2006, without the benefit of a plea agreement, Castillo pleaded guilty to charges of conspiracy to possess with intent to distribute and possession with intent to distribute 1,700 pounds of marijuana.

By the time Castillo was sentenced, several of his co-conspirators had already been sentenced, receiving terms that ranged from 19, to 22, to 30, to 60 months. Castillo's PSI, however, recommended a sentencing range of 188 to 235 months, due in large part to the fact that Castillo had a significant criminal history. In total, he had 9 criminal history points, putting him in criminal history category IV. However, because Castillo was cooperative, the Government forewent filing notification under 21 U.S.C. § 851 that this was Castillo's third drug trafficking offense, a notification that would have required a life sentence. Moreover, Castillo had only been out of prison for four and a half months when he committed this offense.

Castillo sought a downward departure, which the sentencing judge interpreted as alternatively being a request to depart from the guidelines under the sentencing guideline regime and for a downward variance outside the guideline regime. Castillo asserted a combination of factors, including diminished mental capacity and his efforts to cooperate with authorities. In response, the judge ordered a mental evaluation, which found that Castillo suffered deficiencies including an

"extremely low range of intellectual functioning" resulting from years of drug and alcohol abuse. The judge denied Castillo's request and sentenced him to 188 months for the conspiracy charge and 18 months more for a supervised release violation. Castillo appealed.

## II.    Standard of Review

We review the sentencing decision of a district court "under a deferential abuse-of-discretion standard" for reasonableness, which has both a procedural and a substantive component. *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 591 (2007). We must first ensure that the district court committed no procedural error. *Id.* at 597; *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). This is because a district court necessarily abuses its sentencing discretion if it:

> commit[s][a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-- including an explanation for any deviation from the Guidelines range.

*Gall*, 128 S. Ct. at 597.

If the district court's sentencing decision is procedurally sound, we must "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard[,] ... tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* For sentences within the Guidelines range, we have chosen to apply a rebuttable presumption of substantive reasonableness. *Id.; Rita v. United States*, --- U.S. ----, ----, 127 S. Ct. 2456, 2462 (2007); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). We do

not, however, apply "a presumption of unreasonableness" to sentences outside of the Guidelines range. *Gall*, 128 S. Ct. at 597. If the sentence is outside of the Guidelines, we must give "due deference" to the district court's decision that the § 3553(a) factors justify the variance. *Id.* "The fact that [this court] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

### III.     Analysis

Defendant-Appellant asserts that the district court erred by mechanically imposing a guideline sentence that was unreasonable in light of Castillo's request for a variance or downward departure based upon diminished mental capacity and cooperation with authorities. The Court initially notes that the district court's sentence suffers from no procedural irregularity. The district court understood the advisory nature of the Guidelines, calculated the Guidelines' recommendation correctly and considered the § 3553(a) factors when determining the sentence. Moreover, the district court considered the bases for departure or variance Castillo put forward. The sentencing judge considered Castillo's mental health issues. J.A. 73-78. The judge also considered Castillo's cooperation. J.A. 75. The judge also considered the degree to which Castillo's sentence differed from those of his co-conspirators, having made a chart of the sentences that had been imposed until that time. J.A. 77, 81. Castillo's sentence does not suffer procedural error.

Neither is the sentence substantively unreasonable. The sentence reflects the statutory factors established under 18 U.S.C. § 3553. As acknowledged by the district court, Castillo's sentence largely reflects Defendant-Appellant's criminal history, as well as the characteristic of his mental capacity. The sentence reflects the seriousness of the offense, deters others from criminal conduct,

protects the public from further crimes of Defendant-Appellant, and, in imposing special conditions of drug abuse after-care and mental health treatment, the sentencing judge provided Castillo medical care in the most effective manner available to it. The sentencing judge was aware of the sentencing disparities among the defendants and ensured that they were warranted. In short, the sentence is both procedurally and substantively reasonable.

## IV.    Conclusion

The Court finds the sentence imposed upon Castillo entirely reasonable. Therefore, the Court **AFFIRMS** the sentence of the district court.