CLAY, Circuit Judge,
concurring in part and dissenting in part.
Because the district court did not abuse its discretion by denying Defendant’s motion for subpoenas and payment of costs under Rule 17(b), I concur with Section 11(B) of the majority opinion. However, because the district court applied an improper presumption of reasonableness to a guideline sentence and failed to consider in its entirety the nature and circumstances of the offense, as required by 18 U.S.C. § 3553(a), we should vacate the sentence and remand to the district court for resentencing. Therefore, I respectfully dissent as to the remainder of the opinion.
I.
“The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable.” Nelson v. United States, — U.S. ---, ---, 129 S.Ct. 890, 892, 172 L.Ed.2d 719 (2009). See also United States v. Bolds, 511 F.3d 568, 580 (6th Cir.2007). Thus, while an appellate court may apply a presumption that a guideline sentence is reasonable, “the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.” Rita v. United States, 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). See also United States v. McConer, 530 F.3d 484, 501 (6th Cir.2008) (vacating a sentence because the district court misstated its mandate and explicitly applied a presumption of reasonableness to the defendant’s guideline sentence).
The district judge at resentencing stated on the record: “The Court’s responsibility is first of all to recognize under United States v. Williams that there is a presumption of reasonableness as a matter of law that goes with a guideline sentence.” (Resentencing Tr. at 210.) Contrary to the majority’s implication, the fact that *641 Defendant was resentenced before the Supreme Court decided Rita and Nelson does not mean that we can uphold a sentence that we now know was procedurally unreasonable. The Supreme Court has made clear that a new rule of criminal procedure is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final. Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).
Furthermore, even without the benefit of subsequent Supreme Court clarification, the district judge in the instant case misinterpreted United States v. Williams, 436 F.3d 706 (6th Cir.2006), when he found that Williams requires a district court to apply a presumption of reasonableness to a guideline sentence. In Williams, this Court held that “sentences properly calculated under the guidelines” should receive “a rebuttable presumption of reasonableness,” implying that this presumption applies at the appellate level. Williams, 436 F.3d at 708. However, the Court rejected Defendant’s argument that district court had presumed the guideline range to be reasonable. As a result, the Court did not address the issue of whether a district court should — or even may — apply a presumption of reasonableness to a guideline sentence.
In the instant case, after the district judge stated that he was applying a presumption of reasonableness, he did go on to clarify that he interpreted the presumption of reasonableness to mean that a guideline sentence “is a starting-off point for the Court’s consideration of a sentence sufficient, but not greater than necessary to comply with the sentencing statute of 3553(a).” (Resentencing Tr. at 20-21.) Furthermore, in evaluating the sentence the sentence he imposed, he said that they are “appropriate sentences” and “are sufficient, but not greater than necessary to comply with the purposes of this statute.” (Id. at 23.) Thus, although the judge stated that he was going to apply a presumption of reasonable to a guideline sentence, which he is prohibited from doing, it is unclear whether he actually went on to engage in the prohibited conduct. However, this Court should take the district judge at his word and defer to his statement that he was applying a presumption of reasonableness to the guideline sentence. Since Supreme Court precedent explicitly prohibits the district judge from applying such a presumption, the district court erred by doing so.
II.
The question of whether a district court should consider a defendant’s argument of imperfect entrapment as part of its consideration of “the nature and circumstances of the offensé” under § 3553(a)(1) appears to be one of first impression for this Court. Although no court appears to have addressed whether a district court must consider a defendant’s argument of imperfect entrapment as part of the § 3553(a) analysis, other circuits have held that a district court may grant a downward departure based on the district court’s finding that the government had engaged in aggressive encouragement that did not rise to the level of entrapment. United States v. McClelland, 72 F.3d 717, 725 (9th Cir.1995). See also United States v. Wise, 976 F.2d 393 (8th Cir.1992). But see United States v. Sanchez, 138 F.3d 1410, 1414 (11th Cir.1998), cert. denied, 525 U.S. 892, 119 S.Ct. 211, 142 L.Ed.2d 174 (1998); United States v. Walls, 70 F.3d 1323, 1329-30 (D.C.Cir.1995). The Ninth Circuit has held a downward departure to be permissible even where the jury rejected a defense of entrapment at trial and the defendant initiated the criminal activity, so long as the defendant had not pled guilty. McClelland, 72 F.3d at 725. “[Ejvidence of imperfect entrapment, like evidence of *642 imperfect coercion, is in some cases a legitimate ground for departure because it may show that the defendant is both less morally blameworthy than an enthusiastic [defendant] and less likely to commit other crimes if not incarcerated.” Id. at 726 (internal quotations omitted). An en banc panel of this Court has cited to McClelland with approval, noting that “courts have utilized downward departures in cases where the government has induced a defendant to commit a crime, but the defense of entrapment is not warranted.” United States v. Coleman, 188 F.3d 354, 358 (6th Cir.1999).
Because evaluating the government’s role in encouraging the defendant to commit the offense is necessary in order to take into account all of the circumstances of the offense, I would find that declining to consider imperfect entrapment is a violation of Booker. Here, the district court should have considered whether Slaninka’s initiating dozens of calls to Defendant over a number of months and bringing up the logistics of hiring a hitman, while not rising to the level of an entrapment defense, affected the circumstances of the offense in such a way as to make Defendant less culpable. The district court was free to find that the government’s conduct did not affect the commission of the offense, but it was required to analyze Defendant’s argument and make a finding on the record. Contrary to the majority’s assertion that the trial court addressed Defendant’s imperfect entrapment claim, the district judge did not consider Defendant’s argument as part of his general consideration of “mitigation issues.” (Resentencing Tr. at 7.) The district judge made clear that he believed he was foreclosed from considering Defendant’s imperfect entrapment argument because a jury had rejected Defendant’s entrapment defense and the Sixth Circuit had affirmed that the evidence supported the jury’s verdict. The trial court stated:
[Defendant] wants to invite the Court to go back and look at what is called, quote “grounds of imperfect entrapment,” end of quote. This Court believes that it cannot because this Court believes that the Court of Appeals has dealt with that issue and has specifically foreclosed the Court’s ability to go back and rehash something that it has already decided.
(Id. at 4-5.)
By conflating Defendant’s entrapment defense at trial — which goes to whether he was guilty of the crime — with his imperfect entrapment argument at sentencing— which goes to the nature and circumstances of the crime — the district court erred. Contrary to the government’s assertion that the question of whether the district court should have considered Defendant’s imperfect entrapment argument is not within the scope of the Court’s Booker remand, this issue goes to whether the court adequately considered all of the § 3553(a) factors, not to the validity of the conviction. Furthermore, at resentencing, the government conceded as much. The prosecutor noted that Defendant was free to argue imperfect entrapment and that “[i]f he can convince this Court that others are responsible for his conduct less than him, it’s probably a factor that the Court ought to take into account.” (Id. at 9.) In other words, the government argued that the weight of the evidence defeated Defendant’s argument, not that the Court was precluded from considering the argument based on the jury’s rejection of the entrapment defense.
III.
Because I would vacate the sentence on the basis that it was procedurally unreasonable, I respectfully dissent.