NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0176n.06

Case No. 08-5864

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 19, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE WESTERN |
| RONALD ANDERSON, | ) DISTRICT OF TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| _____ | ) |

BEFORE:  BATCHELDER, Chief Judge; SUTTON, Circuit Judge; and WISEMAN, District Judge.[*]

ALICE M. BATCHELDER, Chief Judge.  Defendant-Appellant Ronald Anderson seeks reversal of his sentence for violations of 18 U.S.C. §§ 922(g) and 924(c) (2006), on the grounds that he was erroneously assessed one extra criminal history point at sentencing for an aggravated assault conviction that he incurred while he was a juvenile.  Because the erroneous addition of the criminal history point did not affect Anderson's sentence we affirm.

I.

On June 1, 2005, Anderson sold a rock of crack cocaine to an undercover Memphis Police Department detective at 1954 Elvis Presley Boulevard, Apartment 8.  After the undercover officer exited the apartment and gave a "take-down" signal, Memphis police officers observed Anderson

_____

[*]The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

inside the apartment and received the homeowner's permission to enter. The officers recovered a Ruger handgun that Anderson had been handling when they entered and detained him, whereupon a search of his person revealed the marked currency that Anderson had received from the undercover detective in exchange for the crack cocaine.

A check of Anderson's criminal history revealed that he had previously been convicted of a felony, and a trace of the Ruger handgun recovered by the police revealed that it had not been manufactured in Tennessee and hence, it had traveled in interstate commerce. A grand jury indicted Anderson for violations of 18 U.S.C. §§ 922(g) (Count 1) and 924(c) (Count 3) and 21 U.S.C. § 841(a)(1) (Count 2). Pursuant to a plea agreement, Anderson pled guilty to Counts 1 and 3, and the court dismissed Count 2.

The district court accepted the Presentence Investigation Report's calculation of an offense level of 19 and a criminal history point total of 20, which put Anderson in criminal history category VI. The applicable guidelines range for that offense level and criminal history category was 63 to 78 months' incarceration for Count 1, with a consecutive minimum sentence of 60 months for Count 3. The district court sentenced Anderson to consecutive terms of 63 months on Count 1 and 60 months on Count 3, for a total term of 123 months' incarceration, followed by 3 years' supervised release. The court imposed the mandatory special assessment of $200. Anderson timely appealed.

**II.**

We review a sentence judgment for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "To obtain relief, an appellant must show that the sentence is either procedurally or substantively unreasonable." *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008) (citing *Gall*, 552 U.S. at 51). A sentence may be held procedurally

unreasonable if it contains "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. "[A] sentence may [be] substantively unreasonable where the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.'" *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006) (third, fourth, fifth and sixth alterations in original) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). A sentence that falls within the advisory guidelines range carries a rebuttable presumption of reasonableness. *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009) (citing *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)).

In this appeal, Anderson claims only that the district court erred by increasing his criminal history score by one point for an aggravated assault conviction that could not properly be counted under U.S.S.G. § 4A1.2(d) because, although he was tried on the aggravated assault charge as an adult, he was convicted before he reached the age of 18 and more than 5 years prior to the instant offense, and he was sentenced to 60 months' probation but not to any period of incarceration.[1] Anderson does not contend that the elimination of this conviction from his criminal history calculation would change his criminal history category; he contends only that by including this

_____

[1]At sentencing, Anderson contended that this conviction was one of two that could not properly be counted in calculating either his offense level or his criminal history category. He does not raise on appeal any challenge to the calculation of his offense level, nor does he challenge the calculation of his criminal history in any regard other than the inclusion of this juvenile conviction for aggravated assault.

3

conviction the district court committed procedural error, and therefore his sentence must be reversed.

We agree with Anderson that the aggravated assault conviction does not qualify for inclusion in his criminal history calculation under U.S.S.G. § 4A1.2(d), and that the district court erred by including it. But we do not agree that this error requires reversal. The Supreme Court made it clear in *Gall* that not every little mistake in sentencing will constitute an abuse of discretion:

> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . .

552 U.S. at 51. And we have strictly adhered to this rule. *See, e.g.*, *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009) ("A sentence is procedurally unreasonable if a district court commits a significant procedural error, 'such as failing to calculate (or improperly calculating) the Guidelines range . . . .'") (quoting *Gall*, 552 U.S. at 51).

Anderson makes no claim that the district court failed to calculate or improperly calculated the Guidelines *range*. And, indeed, Anderson cannot make such a claim. It is undisputed that with or without the juvenile conviction for aggravated assault, Anderson's base offense level is 19. And considering only his adult criminal record, Anderson has a total of 19 criminal history points, 6 more than the 13 points that mandate the criminal history category of VI imposed by the district court. With or without the aggravated assault conviction, Anderson's criminal history points mandate that he be placed in criminal history category VI. Hence, the district court did not err in calculating the Guidelines range.

Anderson claims — a claim raised for the first time in his reply brief — that the district court might have sentenced him differently had it recognized that the aggravated assault conviction

incurred before he turned 18 was not properly included in the calculation of his criminal history. The record definitively contradicts this claim. After listening to Anderson's request for a dramatically lower sentence on the drug trafficking count and reviewing the facts of the offenses, the district court detailed Anderson's criminal history and observed, "So his criminal history is grim." The court then reviewed the 18 U.S.C. § 3553(a) factors, concluding that, on the whole, Anderson had demonstrated a pattern of behavior that was "very discouraging," and that did not warrant a below-guidelines-range sentence. Nothing in this record indicates that the one-point error the court made in calculating Anderson's criminal history had any impact on Anderson's sentence, and we do not hesitate to conclude that the district court would have imposed exactly the same sentence had it excluded the aggravated assault conviction. We find no abuse of discretion here.

### III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.