NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0684n.06

No. 09-6428

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Sep 26, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Appellee, | ) |
| | ) On Appeal from the United States |
| v. | ) District Court for the Western |
| | ) District of Tennessee |
| JESUS MUNOZ-HERNANDEZ, | ) |
| | ) |
| Defendant/Appellant. | ) |

Before: SUTTON and COOK, Circuit Judges; GREER, District Judge.[*]

**GREER, District Judge.** Defendant, Jesus Munoz-Hernandez ("Munoz-Hernandez"),

appeals the substantive reasonableness of his within guidelines sentence of 70 months imprisonment.

We affirm.

## I.

Munoz-Hernandez was indicted on April 29, 2009, by a federal grand jury in the Western

District of Tennessee and charged with unlawfully reentering the United States after having been

convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He pled guilty to

the charge on August 13, 2009. A Presentence Investigation Report ("PSR") was prepared in which

the probation officer calculated an advisory guidelines range of 92 to115 months imprisonment.

After adjusting the guidelines range for acceptance of responsibility, the district court adopted an

advisory guidelines range of 70 to 87 months imprisonment. Neither party objected to the PSR and

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

the defendant was sentenced to 70 months imprisonment, the bottom of the advisory guidelines range. This timely appeal followed.

## II.

At the time of sentencing, Munoz-Hernandez was a 29 year old citizen of Mexico, who entered the United States illegally in 1990 and has lived in Memphis since he was ten years old. On January 21, 2003, Munoz-Hernandez was convicted of aggravated burglary, possession of a handgun while under the influence and possession of an item with an altered serial number in Shelby County, Tennessee Criminal Court. He was then processed as an alien present in the United States without admission or parole who was convicted of a crime involving moral turpitude and ordered removed from the United States on May 10, 2003. The removal order was executed on May 25, 2003. On January 5, 2009, Munoz-Hernandez was found by immigration enforcement officials while he was in the Shelby County Jail where he was serving a sentence for driving under the influence (3rd) and driving on a revoked driver's license. Munoz-Hernandez claimed that he returned to the United States in 2007, although he had been arrested for driving under the influence in Shelby County on May 9, 2006.

Munoz-Hernandez attended elementary, middle and high school in Memphis and completed the ninth grade. He resided with his parents who are legal residents of the United States. Munoz-Hernandez's significant criminal history began at age 15 with a conviction for aggravated burglary. He has sustained adult convictions for leaving the scene of a car accident, no driver's license, criminal trespass, theft, aggravated burglary, possession of a handgun (with an altered serial number) while intoxicated and multiple convictions for driving under the influence. Additional criminal history points were added because Munoz-Hernandez committed the instant offense while under a

2

criminal justice sentence and within two years of release from imprisonment. All this resulted in a total of 11 criminal history points and a criminal history category V. Munoz-Hernandez suffers from mild mental retardation, has three children in the United States and has no significant ties to Mexico. He has a significant alcohol abuse problem.

### III.

Munoz-Hernandez raises a single issue in this appeal. He argues that the district court "failed to give proper weight to mitigating circumstances such as Mr. Munoz-Hernandez's cultural assimilation, his probable deportation after sentence, his untreated alcohol abuse which led to his criminal conduct, and his diminished mental capacity." In short, Munoz-Hernandez argues that his sentence is substantively unreasonable in light of the § 3553(a) factors. In challenging the substantive reasonableness of his sentence, Munoz-Hernandez has a tough row to hoe.

We review the district court's sentencing determination for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). A sentencing court abuses its discretion if it imposes a sentence that is either procedurally or substantively unreasonable. *Id.* at 51. The district court commits procedural error by failing to calculate, or improperly calculating, the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, failing to entertain and address all non-frivolous arguments by the defendant in mitigation of his sentence, or failing to explain adequately the chosen sentence. *Id.*

As for substantive reasonableness, a sentence is substantively unreasonable if it is selected arbitrarily, if it is based on impermissible factors, if it fails to consider a relevant sentencing factor, or if it gives an unreasonable amount of weight to any pertinent factor. *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). A sentence within a properly calculated guidelines range is

3

afforded a rebuttable presumption of reasonableness on appeal. *Id.* (citing *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)).

As noted above, defendant claims substantive error. He does not claim that the district court failed to address the § 3553(a) factors or that the court failed to listen to him and consider his mitigation arguments. Instead, he argues that the district court simply failed to give adequate weight to his arguments–his cultural assimilation, his probable deportation, his untreated alcohol abuse and his diminished mental capacity.

Munoz-Hernandez's sentence was within the properly calculated guidelines range and is thus presumed reasonable. The sentencing transcript clearly shows that the district judge considered the arguments of Munoz-Hernandez, and Munoz-Hernandez does not argue otherwise. The district court provided an explanation for the weight he gave each factor and, in the end, concluded that he did not "think it justifies a variance," in view of Munoz-Hernandez's lengthy criminal history, the need to protect the public and the need for deterrence. Even though the district judge rejected Munoz-Hernandez's request for a variance from the guidelines range, he did specifically find that the harsh consequences of deportation justified a sentence at the bottom of the guidelines range. The district judge's explanation was neither arbitrary nor unreasonable.

While Munoz-Hernandez might have a viable argument that a lower sentence was permissible, he has not shown that the district court's weighing of his claims was unreasonable or that the lower sentence was required. "On abuse-of-discretion review, [we give] due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59-60. We will not second-guess the district court and

4

reverse a sentence even where we "might reasonably have concluded that a different decision was appropriate." *Id.* at 51.

Here, the district court reviewed the § 3553(a) factors, explained why it chose the sentence it chose, explained why it considered Munoz-Hernandez's mitigation arguments insufficient to justify a below guidelines variance, and did not consider any impermissible factors. Under these circumstances, we cannot conclude that Munoz-Hernandez's sentence was substantively unreasonable and the district court did not abuse its discretion.

## IV.

For these reasons, we AFFIRM the judgment of the district court.

5