NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0761n.06

No. 09-4534

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 10, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
        Plaintiff-Appellee,                  )
                                             )
v.                                           )   ON APPEAL FROM THE UNITED
                                             )   STATES DISTRICT COURT FOR
ANTUANE HAMILTON,                            )   THE NORTHERN DISTRICT OF
                                             )   OHIO
        Defendant-Appellant.                 )
                                             )
                                             )

Before: GUY, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. A jury convicted Antuane Hamilton of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). The district court found him to be an armed career criminal under 18 U.S.C. § 924(e)(1) and enhanced his sentence. Hamilton appeals his conviction and the enhancement. We affirm.

I.

On the evening of March 25, 2008, Nathan Shank, the cook at the Six-Pack Bar and Grill in Toledo, Ohio, heard a loud bang from the men's bathroom. Upon entering, he saw two men: Corey Baldwin and Antuane Hamilton. Smoke hung in the air. A gun holster lay on the floor. Baldwin quickly pulled up his shirt to show that he was hiding nothing in his waistband. Hamilton explained, unconvincingly, that a lightbulb had popped. Shank picked up the holster and left. Ten minutes

later, Hamilton, clad in a black leather coat, told Shank that the holster belonged to him. When Shank refused to return it, a scuffle ensued.

Soon the police arrived. They chased and eventually arrested Hamilton. The black leather coat, found on a bush nearby, held a nine-millimeter Taurus revolver. The gun's cylinder contained four live rounds and a spent casing. According to ownership records, it had been purchased three years earlier by Hamilton's then-girlfriend. The police also recovered a bullet fragment in the wall of the men's restroom at the Six-Pack. Forensics showed that the bullet was fired from the Taurus.

At the Toledo Police Station, Hamilton signed a written waiver of his *Miranda* rights. He eventually confessed that he had carried the gun in his coat pocket while he was at the Six-Pack.

A federal grand jury thereafter indicted Hamilton as a felon in possession of a firearm. At trial, a defense witness, LaQuan Stuart—who cross-dressed as a woman and alleged a romantic relationship between himself and Hamilton—testified that he had brought the gun to the Six-Pack to confront Hamilton about cheating on him. According to Stuart, he dropped the gun while he was in the bathroom (which caused it to fire), hid in a stall for 30 minutes, and then slipped the gun into Hamilton's coat pocket during Hamilton's fight with Shank. Hamilton's sister corroborated Stuart's testimony.

Despite Stuart's story, the jury found Hamilton guilty under 18 U.S.C. § 922(g)(1). The district court designated Hamilton an armed career criminal, and sentenced him to 216 months in prison. This appeal followed.

II.

Hamilton challenges the district court's denial of his motion to suppress his statements at the police station, arguing that they were made involuntarily. "The voluntariness of a confession turns on a variety of circumstances, including the length of the interrogation, its location, its continuity, the defendant's maturity, education, physical condition, and mental health, as well as whether the police advised the defendant of his *Miranda* rights and whether the record contains evidence of police coercion." *United States v. Williams*, 612 F.3d 417, 420-21 (6th Cir. 2010) (internal citations omitted). We review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Blair*, 524 F.3d 740, 747 (6th Cir. 2008). Because the district court denied Hamilton's motion to suppress, we review all evidence in the light most favorable to the government. *Id.* at 748.

Hamilton argues that his confession was involuntary for two reasons. First, Hamilton contends that the interrogating officer coerced him by saying that the gun would be traced to see if it had been used in any recent robberies. But the officer mentioned the gun only after Hamilton had waived his *Miranda* rights. The officer's statement does not rise to the level of coercion condemned by the Supreme Court. *See Jackson v. McKee,* 525 F.3d 430, 433-35 (6th Cir. 2008). Second, Hamilton says that his statements were not voluntary since he was drinking heavily at the Six-Pack. (His sister testified that he drank several beers and five shots of liquor there.) But a defendant can voluntarily waive his *Miranda* rights even when intoxicated. *See United States v. Montgomery,* 621 F.3d 568, 573 (6th Cir. 2010). And in this case there was testimony that Hamilton was alert,

cooperative, and able to form questions while at the police station. The district court was correct to deny the motion to suppress.

Hamilton next argues that the evidence against him is insufficient to sustain his conviction. "We review de novo a challenge to the sufficiency of the evidence supporting a criminal conviction." *United States v. Howard*, 621 F.3d 433, 459 (6th Cir. 2010) (internal quotation marks omitted). "The relevant inquiry is whether, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Fisher*, 448 F.3d 442, 450 (6th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The only element of 18 U.S.C. § 922(g)(1) that Hamilton disputed at trial was that he knowingly possessed the gun found in the black leather jacket. Hamilton contends that the only two witnesses who saw the gun during the night in question—his sister and Stuart—each testified that Stuart placed the gun in the black jacket without Hamilton's knowledge.

The jury was entitled to reject that story. Hamilton was in the bathroom when the loud, smoke-producing bang occurred. Although every lightbulb worked perfectly, he claimed a lightbulb had popped. After initially denying that the holster was his, Hamilton asked the cook, Shank, to give it back to him. Shank testified that Hamilton was wearing the black coat during the fight, contradicting Stuart and Hamilton's sister. When police found the coat, it held the gun along with a camera containing pictures of Hamilton. The gun had been purchased by Hamilton's ex-girlfriend. Finally, Hamilton confessed that he possessed the gun at the Six-Pack. Hamilton's argument is meritless.

-4-

Hamilton's remaining arguments can be handled summarily. He argues that the jury should have been instructed that it could not convict him based upon his confession alone. Hamilton did not request such an instruction in the district court, so we review its omission only for plain error. *See United States v. Dedhia,* 134 F.3d 802, 808 (6th Cir. 1998). There was none here, because, among other reasons, overwhelming evidence corroborated Hamilton's admission that he possessed the gun.

Hamilton likewise argues—again for the first time on appeal—that the district court erred when it instructed the jury that "[t]he possible guilt of others is no defense to a criminal charge. Do not let the possible guilt of others influence your decision in any way." He says this instruction undermined his defense that Stuart put the gun in Hamilton's coat. Suffice it to say that we disagree.

Hamilton next tries to challenge some guilty pleas he entered in a separate case in 1990. Those pleas led to the convictions that served as the predicate offenses necessary to convict him under 18 U.S.C. § 922(g)(1) and to designate him an armed career criminal under 18 U.S.C. § 924(e)(1). But Hamilton plainly cannot challenge the validity of those pleas in this direct appeal. *See Custis v. United States,* 511 U.S. 485, 497 (1994).

Hamilton also argues that his trial counsel was constitutionally ineffective. As a general rule, we will not consider such a claim on direct appeal. *See United States v. Martinez,* 430 F.3d 317, 338 (6th Cir. 2005). The record in this case gives us no reason to depart from that general rule.

Finally, Hamilton argues that his sentence was substantively unreasonable. We presume the contrary, since his sentence was within the guidelines range. *See United States v. Williams,* 436 F.3d

No. 09-4534
*United States v. Hamilton*

706, 708 (6th Cir. 2006).  Here, the district court properly weighed the 3553(a) factors.  Hamilton's

sentence is reasonable.

The district court's judgment is affirmed.