NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0135n.06

**No. 10-2469**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff-Appellee,** | |
| **v.** | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| **DANIEL GREEN,** | |
| **Defendant-Appellant.** | |

FILED

**Feb 03, 2012**

LEONARD GREEN, Clerk

_____/

**BEFORE:** **CLAY, SUTTON, and STRANCH, Circuit Judges.**

**CLAY, Circuit Judge.** Defendant Daniel Green pled guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)(i). The district court sentenced Green to 137 months' imprisonment, a term at the top of Defendant's Sentencing Guidelines range. On appeal, Green challenges the substantive reasonableness of his sentence.

For the reasons set forth below, we **AFFIRM** the sentence imposed by the district court.

**BACKGROUND**

Green joined a conspiracy involving multiple defendants to distribute at least 100 grams of heroin sometime in 2006 in Benton Harbor, Michigan. On October 5, 2009, a search warrant was issued for Green's residence. Green and co-defendant, Jermaine Hyde, were outside the residence

and detained by the police. The police recovered from Green $855 in U.S. currency of which $50 was prerecorded drug buy money. Co-Defendants Anthony Watkins, Richard Brown, and Judi Brown were inside Green's residence and also detained. The police conducted a search of the unattached garage and inside the residence and recovered heroin, marijuana, firearms, and ammunition. Green denied possession of the narcotics, ammunition, and firearms.

On October 8, 2009, a federal grand jury returned a three-count Indictment against Green for possession with intent to distribute heroin, felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking offense. On December 1, 2009, a federal grand jury returned a 17-count Superseding Indictment against multiple defendants, including Green. A second Superseding Indictment was filed on January 28, 2010, charging Green and multiple co-defendants with drug trafficking and firearm-related crimes.

On June 11, 2010, the government filed a Superseding Felony Information charging Green with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin from 2006 until on or about October 5, 2009, in Berrien County, Michigan. The government also filed an Information and Notice of Prior Felony Drug Conviction indicating that Green was previously convicted of at least one prior felony drug offense, thereby subjecting him to increased penalties upon conviction of the charge described in the Superseding Information. Green agreed to the filing of the notice and also agreed to acknowledge his prior conviction for a felony drug offense at his plea hearing.

On June 15, 2010, Green pled guilty to the Superseding Felony Information and admitted to the charges in the Plea Agreement, including that he received heroin from co-defendant Raymond

Collins, distributed heroin, and kept the proceeds from the sale. Green also acknowledged that he distributed at least 100 grams of heroin. In addition, Green acknowledged his prior felony drug conviction. In exchange for Green's guilty plea, the government agreed to dismiss the Second Superseding Indictment. At the plea hearing, the district judge thoroughly discussed the Plea Agreement with Green. Green raised no objections and the district judge was convinced that Green freely and voluntarily agreed to the terms of the Plea Agreement.

The probation officer prepared a presentence investigation report ("PSR") which established a Guidelines range of 132 to 162 months based on a total offense level of 27 and a criminal history category of VI based on the 2009 U.S. Sentencing Guidelines. The PSR's statutory provision provided for a sentence of 10 years to life. The government raised no objections to the PSR. Green's counsel submitted two objections to the PSR, arguing that the base offense level should be 26 rather than 28 based upon statements made by co-defendant Collins. In addition, Green stated that he should only be held responsible for the quantity of heroin between 100 and 400 grams. Green also raised a second objection to the two-level weapon enhancement. Green prepared a sentencing memorandum for the district court re-stating his objections to the PSR.

The district court conducted a sentencing hearing on October 22, 2010. At the sentencing hearing, the district court addressed the two defense objections. The government and Defendant agreed to withdraw the objection relating to the two-level weapon enhancement and also agreed that the appropriate heroin quantity is between 100 and 400 grams. The district judge then adjusted Green's total offense level to 25, maintained his criminal history category of VI, and established a new Guidelines range of 110 to 137 months. Due to a 120-month mandatory minimum sentence,

the effective Guidelines range was 120 to 137 months. The court then heard arguments from both parties regarding Green's sentence, and considered the relevant § 3553(a) factors, including Green's criminal and family history. The court entered its judgment providing that Green be sentenced to 137 months' imprisonment, to be followed by eight years of supervised release, and also imposed other special conditions. The parties did not raise any objections to the sentence.

Green's co-defendants individually entered into guilty pleas and sentences ranging from 24 months for co-defendants Watkins, Carter, and Edison to 120 months for co-defendant Walker, to 220 months for co-defendant Jackson. Green timely filed a notice of appeal on November 5, 2010.

## DISCUSSION

We review challenges to the district court's sentencing determinations for reasonableness under an abuse of discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). When reviewing a sentence for abuse of discretion, we must determine whether the sentence is procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 41 (2007). Substantive reasonableness requires us to consider "the sentence imposed in light 'of the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011) (citing *Gall*, 552 U.S. at 51).

A sentence is substantively reasonable if it is "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal citation and quotation marks omitted). A sentence is "substantively unreasonable where the district court 'selects the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to

consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *United States v. Moon*, 513 F.3d 527, 543 (6th Cir. 2008) (citing *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). "Sentences within a properly calculated Guidelines range are afforded a rebuttable presumption of reasonableness." *Id.* (citing *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)). In this case, Green's sentence is within the advisory Guidelines range of 120 to 137 months, and is therefore entitled to a presumption of reasonableness.

Green argues that his sentence was substantively unreasonable in light of the facts and circumstances presented during sentencing, particularly that his role in the instant offense did not warrant a sentence in excess of 120 months when compared to his co-defendants. Specifically, Green contends that he is entitled to a reduced sentence relative to the prison terms received by some of his co-defendants, all of whom also had a criminal history but nonetheless received sentences at or well below the Guidelines range.

In the present case, there is sufficient evidence to establish that the district court imposed a substantively reasonable sentence. The district court carefully analyzed and considered relevant factors as part of its required inquiry under § 3553(a) to determine an appropriate sentence that reflects the seriousness of the offense and the ultimate goal of protecting the community. In fact, the district judge stated a number of issues it considered at sentencing, recognizing that Green's sentence:

> need[s] to promote respect for the law by reflecting the seriousness of the offense; it needs to provide rehabilitative opportunities and take that into account; and certainly to weigh the relative culpabilities of the players, to the extent the Court can do that, in avoiding unwarranted disparities between people involved in the case and their sentences.

(R.188: Sentencing Hr'g Tr. 14.) The district judge found sufficient evidence to determine that Green was "one of the more significant principal operators in the conspiracy." The district court also observed that Green failed to understand the severity of his criminal behavior and was convinced that his prior arrests and convictions failed to effectively rehabilitate Green.

Green's sentence was also consistent with those of his co-defendants. The district judge reviewed the sentences of his co-defendants and found that Green's sentence of 137 months did not "create an unwarranted disparity." Based on the record, we find no evidence to conclude that Green's sentence was unjustified. As previously discussed, Green's repeated transgressions, lack of responsibility for his criminal behavior, and the seriousness of his offense warranted a more severe punishment by the district court.

Green's argument that the district court failed to give sufficient weight to his "difficult upbringing" is unpersuasive. The district judge specifically stated that it considered Green's history, acknowledged his multiple criminal sentences, and determined that he "has not responded constructively" and further noted that this particular offense occurred while he was on parole for an earlier offense of a similar nature. The district judge proceeded to note Green's "very disturbing sequence of probation violations or supervisory violations. . . [and] it's perfectly clear Mr. Green has utterly no respect for the law." The district judge was further troubled by Green's multiple responses in the PSR denying any recollection of the transactions involving the instant offense.

Based on the totality of the evidence in the record, we find that the district court "did not select [Green's] sentence arbitrarily, base it on impermissible factors, or give unreasonable weight to any pertinent § 3553(a) factor in deriving it." *United States v. Warman*, 578 F.3d 320, 351 (6th

6

Cir. 2009). Therefore, we conclude that Green's sentence of 137 months was substantively reasonable.

## CONCLUSION

For the reasons discussed above, we **AFFIRM** the sentence imposed by the district court.